492 A.2d 448

**COMMONWEALTH of Pennsylvania**

v.

**David W. FROST, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 21, 1985.

Filed May 3, 1985.

James T. Rague, III, Wellsboro, for appellant.

James E. Carlson, District Attorney, Wellsboro, for Com. appellee.

Before POPOVICH, WATKINS and LIPEZ, JJ.

WATKINS, Judge:

This is an appeal from the imposition of a sentence of incarceration following a guilty plea to a charge of driving under the influence. The question presented is whether an individual who has successfully completed a period of Accelerated Rehabilitative Disposition arising out of an arrest under Section 3731 of the Motor Vehicle Code of 1976, 75 Pa. C.S.A. § 3731,[1] (hereinafter referred to as "old drunk driving law"), may be sentenced as a second offender under Section 3731, 75 Pa.C.S. § 3731 Supp.1984.,[2] (hereinafter referred to as "new drunk driving law."), as it was amended in 1982. We hold that he may not.

On March 2, 1979, David Frost was accepted into the Accelerated Rehabilitative Disposition (hereinafter referred to as "ARD") program for a charge under Section 3731 of the old drunk driving law. He successfully completed the program and the charge was dismissed. On November 14, 1983, Frost entered a plea of guilty to a charge of driving under the influence in violation of Section 3731(a)(1) and (4) of the new drunk driving law. At the time of sentencing, the judge construed Section 3731(e)(2) of the new drunk driving law as requiring individuals who had successfully completed a period of ARD under the old drunk driving law to be treated as second offenders for sentencing purposes. Therefore, he indicated that a term of incarceration for a period of at least thirty days was mandated by Section 3731(e)(1)(ii) of the new law. Frost was accordingly sentenced to thirty days to twelve months in the Tioga County Jail. Frost filed a motion to modify sentence which was denied and dismissed on February 15, 1984, and this appeal followed.

On appeal, Frost argues as he did at the time of sentencing, that the lower court misconstrued the provisions of the new drunk driving law. The first applicable provision of the new law is Section 3731(e)(1)(ii) which requires a manda-

1. Act of June 17, 1976, P.L. 162, No. 81, § 1, effective July 1, 1977.
2. Act of December 15, 1982, P.L. 1268, No. 289, § 9, effective January 14, 1983.

tory minimum term of imprisonment of not less than thirty days "if the person has previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years." The question which must be resolved is whether acceptance of ARD under the old drunk driving law should be considered a conviction within the meaning of subparagraph (e)(1)(ii). The sentencing judge and the Commonwealth have taken the position that it must be so considered due to the language of Section 3731(e)(2) of the new law which provides:

Acceptance of Accelerated Rehabilitative Disposition or any other form of preliminary disposition of any charge brought under this section shall be considered a first conviction for the purpose of computing whether a subsequent conviction of a violation of this section shall be considered a second, third, fourth or subsequent conviction.

In support of its position, the Commonwealth has cited *Commonwealth, Department of Transportation v. McDevitt*, 57 Pa.Cmwlth. 589, 427 A.2d 280 (1981), which addressed the question of whether acceptance of ARD can be considered a conviction for purposes of classifying motorists as habitual offenders under Section 1542 of the Vehicle Code, 75 Pa.C.S. § 1542, Section 1542(c) of the Vehicle Code provides that an acceptance of ARD for any of the offenses enumerated in Subsection (b) of that section shall be considered an offense for purposes of applying the statute. In *McDevitt*, the appellant had been accepted into the ARD program after two arrests for three of the offenses enumerated in Section 1542(b). Based upon those offenses, the Department of Transportation determined that the appellant was an habitual offender within the meaning of Section 1542 of the Vehicle Code. On Appeal to the Court of Common Pleas of Bucks County, the court found that those offenses could not be considered convictions within the meaning of the habitual offender statute. The Department appealed to the Commonwealth Court which held that offenses resulting in acceptance of ARD could be considered

convictions for purposes of the habitual offender statute. 75 Pa.C.S. § 1542.

A careful reading of *McDevitt* and Section 1542 of the Vehicle Code reveals that the instant case is distinguishable. The sole similarity lies in the fact that Section 1542 specifically provides that an acceptance of ARD shall be considered an offense for purposes of the statute. The major difference is that the appellant in that case had been accepted into the ARD program *after* the effective date of Section 1542. In addition, that section explicitly provides that only those offenses committed after the effective date of the statute may be considered. See Pa.C.S. § 1542(a). The thrust of the Commonwealth Court's holding was that the word "offense" as used in Section 1542(c) is the equivalent of "conviction".

In the instant case, Frost was accepted into the ARD program under the old drunk driving law which contained no provision relating to acceptance of ARD. We are, therefore, faced with an entirely different issue from that addressed by the Commonwealth Court in *McDevitt*. The question we must resolve is whether Section 3731(e)(2) of the Vehicle Code, which became effective on January 14, 1983, is applicable to acceptances of ARD which occurred *before* the effective date of the amendment.

Our construction of the statute in question is guided by the principle that "the object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). In ascertaining the intention of the legislature in a case such as this where the statute is not explicit as to the particular issue, we may consider a variety of factors, including the former law. 1 Pa.C.S. § 1921(c). Having considered various factors, we have determined that the legislature did not intend an ARD under the old drunk driving law to be considered a prior conviction for the purpose of applying the mandatory sentencing provisions of Section 3731(e)(1). Therefore, Section 3731(e)(2) of the new law is applicable only to acceptances of ARD after the effective date of the amendment.

Our holding is supported in part by the content of the old drunk driving law. As it was enacted originally, Section 3731, contained no provisions relating to ARD. In fact, before the new drunk driving law became effective in 1983, there was no requirement that the courts of common pleas establish ARD programs for those charged with violations of Section 3731. Although many counties had established ARD programs, it was left to the discretion of the district attorneys to determine whether the program would be available to those charged under Section 3731. See Pa.R. Crim.Pro. Nos. 175–185 and Comments thereto. The district attorneys lost that discretion by virtue of Section 8 of the Act of December 15, 1982, P.L. 1268, No. 289, in which the legislature specifically directed the courts of common pleas to establish and implement ARD programs for those charged with violations of Section 3731. See 75 Pa.C.S. § 1552.

Although it was not required before the effective date of the new drunk driving law, there were counties in which ARD was available to those charged with drunk driving under the old law. Therefore, it is necessary to compare the procedure which was followed in those cases with the procedure which has necessarily been followed since the new law became effective. Under the old drunk driving law, acceptance of ARD was accomplished in accordance with Pa.R.Crim.P. Nos. 175–185 Rule 178 is of particular importance in the instant case because it governs the procedure to be followed at the hearing on the motion for ARD. It provides that the defendant must be asked on the record whether he understands that acceptance into and satisfactory completion of the ARD program offers him an opportunity to earn a dismissal of the pending charges. In accordance with that rule, defendants charged with drunk driving, as well as those charged with other offenses, were told that if they successfully completed the ARD program, the charges would be dismissed and would be of no further consequence.

The sentencing provisions contained in Section 3731(e) of the new law have necessitated a change in the procedure

which is followed at the ARD hearing. Defendants who accept ARD for drunk driving are now told that an ARD will be considered a conviction for sentencing purposes in the event of an arrest for drunk driving within the next seven years. Therefore, defendants who have accepted ARD since the effective date of the new drunk driving law have been given notice of the possible consequences of their acceptance. Those who accepted ARD under the old law were given no such notice.

Based upon all of the foregoing, we hold that Section 3731(e)(2) applies only to acceptances of ARD since January 14, 1983, and therefore, an acceptance of ARD which occurred before that date cannot be considered a conviction for purposes of applying the sentencing provisions of Section 3731(e)(1).

Our holding applies only to Section 3731(e)(1) and (2) as it relates to acceptance of ARD. It is not intended to alter the holding of a panel of this Court in *Commonwealth v. Grady*, 337 Pa.Superior Ct. 174, 486 A.2d 962 (1984), wherein it was held that Section 3731(e)(1)(ii) is constitutional as it applies to convictions under the old drunk driving law.

Accordingly, the judgment of sentence is vacated and the case is remanded for resentencing in accordance with this opinion. Jurisdiction is relinquished.