515 A.2d 925

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Thomas KORNICKI.**

Superior Court of Pennsylvania.

Argued May 14, 1986.

Filed Aug. 27, 1986.

Reargument Denied Oct. 20, 1986.

Andrew E. Demarest, Assistant District Attorney, Philadelphia, for Com., appellant.

Andrew F. Schneider, Bensalem, for appellee.

Before CAVANAUGH, WICKERSHAM and ROBERTS, JJ.

WICKERSHAM, Judge:

This is a Commonwealth appeal from the judgment of sentence entered by the Honorable Leonard B. Sokolove of the Court of Common Pleas of Bucks County. A review of

the record indicates that the defendant was improperly sentenced. We, therefore, reverse and remand.

On March 18, 1983, the defendant was arrested and charged with one count of driving under the influence in violation of 75 Pa.C.S. § 3731(a)(1). Defendant was arrested after an officer observed him drive through a stop sign, swerve his vehicle from one lane of traffic to another and nearly collide with a bridge abutment. In addition, the defendant failed numerous "field sobriety tests" and tested a .21% blood-alcohol content by breathalyzer examination. The defendant entered a plea of guilty to this charge on November 23, 1983.

On the same day, November 23, 1983, the defendant appeared before Judge Sokolove in a bench trial on an unrelated charge of driving under the influence. That charge arose on July 23, 1983 when defendant was arrested for speeding, driving under a suspended license, and driving under the influence in violation of 75 Pa.C.S. §§ 3731(a)(1), (a)(4). Defendant was clocked by a NASCAR unit at 64.2 miles per hour as he traveled down the highway. While in pursuit, the arresting officer observed the defendant lose control of his vehicle several times before apprehending him. The defendant refused to submit to a breathalyzer examination. Based upon the above evidence, the lower court found defendant guilty under that charge.

A sentencing colloquy proceeded thereafter, at which time the Commonwealth offered to the sentencing judge a total of four (4) DUI convictions for consideration. Those offered were two prior convictions of March 15, 1978 and March 21, 1981; the guilty plea entered November 23, 1983; and the court's finding of guilt on the same day. *See* Sentencing N.T. of 11/23/83 at 11. The judge, however, refused to consider the two prior convictions as they occurred before the effective date of the new recidivist provisions of 75 Pa.C.S. § 3731(e). The defendant, therefore, was sentenced to concurrent terms of incarceration of forty-eight (48) hours to twenty-three (23) months on the guilty

plea, and thirty (30) days to twenty-three (23) months on the second count.

■ By a motion to modify and/or reconsider sentence filed December 2, 1983, the Commonwealth raised issue to the sentence imposed in light of the recidivist provisions of 75 Pa.C.S. § 3731(e)(1)(iii) and (iv). The penalty provisions of 75 Pa.C.S. § 3731(e) mandate the following:

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

(i) not less than 48 consecutive hours.

(ii) not less than 30 days if the person has previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

(iii) not less than 90 days if the person has twice previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

(iv) not less than one year if the person has three times previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

The Commonwealth averred that the court erred in not considering prior DUI convictions in computing the defendant's sentence under the statutorily mandated minimums of section 3731(e). Thereafter, on December 22, 1983, the court vacated the sentence of November 23, 1983, pending a hearing and disposition of the Commonwealth's motion. By order dated January 17, 1984, the court denied the Commonwealth's motion and reimposed the original judgment of sentence. On January 25, 1984, the Commonwealth filed a notice of appeal.[1]

1. We note that the Commonwealth filed a timely appeal eight (8) days following denial of post trial motions and reimposition of sentence. The Commonwealth, thereafter, filed an amended notice of appeal to

On appeal the Commonwealth once again contends that the defendant was improperly sentenced under the recidivist provisions of section 3731(e). We agree.

This court has recently stated that "[s]ection 3731 ... requires a sentencing court to consider a conviction which had occurred before the new law went into effect in imposing sentence on a subsequent conviction." *Commonwealth v. Kopycinski*, 353 Pa.Super. 387, 389, 510 A.2d 365, 366 (1986). In *Kopycinski* the defendant was found guilty of driving under the influence pursuant to 75 Pa.C.S. § 3731(a)(1). The trial judge sentenced the defendant to undergo imprisonment for a period of forty-eight (48) hours and further ancillary programs. The court refused to sentence the defendant as a recidivist pursuant to section 3731(e) and thus ignored the defendant's prior drunk driving conviction. The court based its refusal to sentence under the statutory framework on a finding that the recidivist provisions of section 3731 were unconstitutional as ex post facto laws.

We reversed that finding and held section 3731(e) to be constitutional. The panel reasoned that because the section did not transform a previously legal act into an unlawful one, it did not violate the constitutional provisions proscribing ex post facto laws. It did not permit the sentence attending the previous conviction to be increased. It merely notified an offender of what punishment would attend convictions based upon post-amendment violations. It is future criminal conduct that is penalized under the recidivist provisions of section 3731; past conduct is not affected by the new statute.

rectify a clerical error. The Superior Court will treat a defect in a notice of appeal, which erroneously states what final order is being appealed from, as harmless where the appeal is otherwise proper. *Commonwealth v. Lahoud,* 339 Pa.Super. 59, 488 A.2d 307 (1985) (allocatur denied).

The Commonwealth is entitled to pursue an enhancement of the sentence entered below.[2] We reverse and remand for resentencing. Jurisdiction is relinquished.

**2.** We note that by seeking enhancement during the original sentencing proceedings, the Commonwealth has satisfied the due process requisites of *Commonwealth v. Reagan*, 348 Pa.Super. 589, 502 A.2d 702 (1985). While notice of a prior drunk driving conviction and the Commonwealth's intent to seek a sentence under the recidivist penalties of section 3731 need not be given prior to conviction thereunder, a defendant must be provided notice before sentencing occurs. *Id.* The Commonwealth has met this mandate. *See* N.T. of November 23, 1983, at 106.