542 A.2d 1010

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**David A. STEWART.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1987.

Filed May 16, 1988.

■■■■■■■

Narcy L. Hughes, Assistant District Attorney, Lancaster, for Com., appellant.

Theodore H. Watts, Meadville, for appellee.

Before OLSZEWSKI, POPOVICH and WATKINS, JJ.

OLSZEWSKI, Judge:

This is an appeal by the Commonwealth from the judgment of sentence imposed following a guilty plea to a charge of driving under the influence.  The sole question presented is whether an individual who has successfully completed a period of accelerated rehabilitation disposition (herein after A.R.D.) arising out of an arrest under section 3731 of the Motor Vehicle Code of 1976, 75 Pa.C.S.A. § 3731[1], (hereinafter referred to as "old drunk driving law)", must be sentenced as a second offender under section 3731, 75 Pa.C.S. § 3731 Supp.1984,[2] (hereinafter referred to as "new drunk driving law") as it was amended in 1982, when the acceptance of A.R.D. came after the new drunk driving law became effective.  We hold that he should not.

On August 24, 1982, David Stewart was arrested on a charge of driving under the influence in violation of section

1.  Act of June 17, 1976, P.L. 162, No. 81, § 1, effective July 1, 1977.
2.  Act of December 15, 1982, P.L. 1268, No. 289, § 9, effective January 14, 1983.

3731 of the old drunk driving law. On September 13, 1983, after the effective date of the new drunk driving law, he was accepted into and successfully completed the A.R.D. program on the charge. Subsequently, on January 2, 1987, Stewart again was arrested for driving under the influence. Following entry of a guilty plea on May 15, 1987, Stewart was sentenced as a first offender on June 19, 1987 to a minimum term of 48 hours. A timely motion for reconsideration of sentence was filed by the Commonwealth, which, after argument, was denied, and this timely appeal followed.

On appeal, the Commonwealth argues that Stewart should have been sentenced as a second offender as the new drunk driving law specifically provides that acceptance of A.R.D. for a D.U.I. offense is to be considered a conviction for sentencing enhancement purposes. 75 Pa.C.S. § 3731(e)(2).[3] *See also Commonwealth v. Kornicki,* 357 Pa.Super. 182, 515 A.2d 925 (1986). It is the Commonwealth's position that if a defendant voluntarily participated in an A.R.D. program on a drunk driving offense after January 14, 1983, the effective date of the new D.U.I. law, regardless of the date of that arrest, that offense should be considered a conviction for sentencing enhancement purposes.

In *Kornicki,* we stated that "(s)ection 3731 ... requires a sentencing court to consider a conviction which had occurred before the new law went into effect in imposing sentence on a subsequent conviction," *Commonwealth v. Kopycinski,* 353 Pa.Super. 387, 389, 510 A.2d 365, 366 (1986). We note that *Kornicki* is factually distinguishable from the case at bar and therefore does not lend support to the Commonwealth's argument. In *Kornicki,* as in the case cited therein, *Kopycinski,* the defendant had prior

**3.** Acceptance of Accelerated Rehabilitative Disposition or any other form of preliminary disposition of any charge brought under this section shall be considered a first conviction for the purpose of computing whether a subsequent conviction of a violation of this section shall be considered a second, third, fourth or subsequent conviction.

drunk driving *convictions* under the old drunk driving law, and, as such, we held that the Commonwealth was entitled to pursue an enhancement of the sentence entered by the trial court. In the case at bar, we cannot accept that Stewart's acceptance and completion of A.R.D. can be considered a conviction under the new drunk driving law.

Sentencing for D.U.I. convictions is governed by § 3731(e) of the Vehicle Code. That section provides in part:

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

(i) not less than 48 consecutive hours.

(ii) not less than 30 days if the person has previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

.     .     .     .     .

(2) Acceptance of Accelerated Rehabilitative Disposition or any other form of preliminary disposition of any charge brought under this section shall be considered a first conviction for the purpose of computing whether a subsequent conviction of a violation of this section shall be considered a second, third, fourth or subsequent conviction.

75 Pa.C.S.A. § 3731(e).

It is clear that the statute contains provisions for separate treatment of a person previously convicted of an offense under this section or, an equivalent offense and for those who had accepted A.R.D. of the charge brought under this section.

In construing statutes, we are to ascertain and effectuate the intent of the General Assembly. 1 Pa.C.S.A. 1921(a). When the language of a statute is clear and unambiguous, we are to construe its provisions in accordance with their

plain meaning and common usage. *Commonwealth v. Bell,* 512 Pa. 334, 516 A.2d 1172 (1986). When the words are not explicit, however, the intention of the General Assembly may be ascertained by considering other matters. 1 Pa.C.S.A. § 1921(c).

The Commonwealth asserts that the definitive word in Section 3731(e)(2) is "acceptance" and the legislature intended the date of acceptance rather than the date of arrest to be controlling.

The construction of the statute urged upon us by appellant would require that we ignore a substantial portion of the statute requiring that the prior charge given A.R.D. treatment must be brought under that section to be considered as a first conviction. Yet, in construing the language of a statute, the court must assume that the legislature intended that every word of the statute would have effect. *See Commonwealth v. Driscoll,* 485 Pa. 99, 401 A.2d 312 (1979).

We find that the language of § 3731(e)(ii) is not explicit as it does not indicate when a person must have been previously convicted in order to trigger its enhanced penalty. Accordingly, we may consider matters other than the language itself.

Both parties cite *Commonwealth v. Godsey,* 342 Pa.Super. 24, 492 A.2d 44 (1985) and *Commonwealth v. Frost,* 342 Pa.Super. 173, 492 A.2d 448 (1985). In *Frost, supra,* the defendant had, in 1979, successfully completed a period of A.R.D. arising out of an arrest under the old D.U.I. law and the charge was dismissed. In November 1983 defendant pled guilty to a charge of D.U.I. under the new law. At sentencing, the judge determined that 75 Pa.C.S. § 3731(e)(2) of the new D.U.I. law required individuals who had successfully completed a period of A.R.D. under the old law be treated as second offenders for sentencing purposes.

This court determined that the legislature did not intend an A.R.D. under the old law to be considered a prior conviction for mandatory sentencing provisions of Section 3731(e)(2) and therefore, it is applicable only to acceptances

of A.R.D. after the effective date of the amendment. The panel reasoned that acceptance of A.R.D. under the old law was in accordance with Pa.R.Crim.P. Nos. 175–185 Rule 178. The procedure at the hearing on the motion for A.R.D. required telling the defendant that upon successful completion of the A.R.D. program, the charges would be dismissed and would be of no further consequence. Under the new D.U.I. law defendants are informed at the A.R.D. hearing that an A.R.D. will be considered a conviction for sentencing purposes in the event of an arrest for drunk driving within the next seven years. The court then went on to hold that the legislature did not intend on A.R.D. under the old drunk driving law to be considered a prior conviction for the purpose of applying the mandatory sentencing provisions of Section 3731(e)(1) and therefore Section 3731(e)(2) of the new law is applicable only to acceptances of A.R.D. after the effective date of the amendment. The court based its decision in part on the fact that under the old law, when a party accepted A.R.D. he was asked on the record if he understood that satisfactory completion of the program earned him a dismissal of the pending charges. Acceptance of A.R.D. under the new D.U.I. law requires that defendants be told that it would be considered a conviction for sentencing purposes in the event of a subsequent arrest for D.U.I. within the next seven years. Under the new D.U.I. law, defendants are given notice of the enhancement effect of A.R.D. The court held that Section 3731(e)(2) applies only to acceptances of A.R.D. since January 14, 1983, and therefore, an acceptance of A.R.D. before that date cannot be considered a conviction for purposes of applying the sentencing provisions of Section 3731(e)(1).

In *Godsey, supra,* the defendant had a prior arrest for D.U.I. under the old D.U.I. law in 1981 and was placed in A.R.D. Following his arrest in 1984 under the new D.U.I. law, defendant entered a guilty plea and received the mandatory sentence for a second conviction of thirty days to six months imprisonment. On appeal, a panel of this court held that *Godsey* could not be convicted as a second offender because the legislature did not intend that 75 Pa.C.S.A.

§ 3731(e)(2) be applied retroactively. *Godsey* had accepted
and successfully completed the A.R.D. program and in
accordance with the rules on A.R.D. which provide that
upon successful completion of the program, the charges are
dismissed against the defendant. As such, *Godsey* was
never convicted. The panel determined 75 Pa.C.S.A.
§ 3731(e)(2) applies to that section *as presently written*,
because a person who accepted A.R.D. prior to enactment
of the new D.U.I. law was assured by then existing law that
successful completion would result in a discharge. *Godsey*
construed 3731(e)(2) to apply only to A.R.D. cases which
arose subsequent to January 15, 1983, as being equivalent
to a conviction for purposes of computing the penalty on
subsequent convictions.

We note that there is dicta in *Frost* to support the
Commonwealth's interpretation of the statute:

"Based upon all of the foregoing we hold that Section
3731(e)(2) applies only to acceptances of A.R.D. since
January 14, 1983, and therefore an acceptance of A.R.D.
which occurred before that date cannot be considered a
conviction for purposes of applying the sentencing provi-
sions of Section 3731(e)(1)."

*Frost* at 178, 492 A.2d at 450.

Likewise, we find that the following language in *Godsey*,
*supra* supports the appellee's position:

It is further provided under 75 Pa.C.S.A. 3731(e)(2):
"Acceptance of accelerated Rehabilitative Disposition
or any other form of preliminary disposition of any
charge *brought under this section* shall be considered
a first conviction for the purpose of computing whether
a subsequent conviction of a violation of this section
shall be considered a second, third, fourth or subse-
quent conviction.'
The language above clearly applies to that section *as
presently written*. Any doubt in construing a penal
statute must be resolved in favor of the accused. (Cita-
tions omitted) If the legislature intended to include
A.R.D. disposition under prior enactments, it could easi-

ly have incorporated language eliminating any ambiguity." (Emphasis in original)

*Godsey* at 29, 492 A.2d at 47 (1985).

Pa.R.Crim.P. 179 permits a defendant to be placed in the A.R.D. program only after he or she has requested acceptance into the program, has indicated an understanding of the proceedings, and has accepted and agreed to comply with the conditions imposed by the trial court. *Commonwealth v. Scheinert*, 359 Pa.Super. 423, 519 A.2d 422 (1986). "Defendants who accept A.R.D. for drunk driving are now told that an A.R.D. will be considered a conviction for sentencing purposes in the event of an arrest for drunk driving within the next seven years. Therefore, defendants who have accepted A.R.D. since the effective date of the new drunk driving law have been given notice of the possible consequences of their acceptance." *Commonwealth v. Frost*, 342 Pa.Super. 173, 178, 492 A.2d 448, 450 (1985). In light of the voluntary character of A.R.D. participation and the required notice of its collateral consequences, it cannot be said that notions of fundamental fairness are violated because the legislature has directed that a person who has been on A.R.D. shall be sentenced as a second offender if he or she is convicted of driving while under the influence of alcohol.

The reasoning employed in *Frost* is based upon a theory similar to estoppel, i.e., the defendant did not and could not know when he accepted A.R.D. that it could even be counted as a first offense if the A.R.D. was accepted prior to the effective date of the new Act. *Godsey,* on the other hand, bases its reasoning on the fact that the new D.U.I. Act refers to A.R.D. cases which were "brought under this section" and construes those words as meaning the section as now written. Following the *Godsey* reasoning, the A.R.D. disposition is this case would not count because it was not "brought under this section".

In *Godsey* and *Frost*, we held that section 3731(e)(2) of the Vehicle Code, which became effective on January 14, 1983, is not applicable to acceptances of A.R.D. which

occurred before the effective date of the statute. We are faced with the entirely different issue of whether section 3731(e)(2) of the new drunk driving law is applicable to acceptances of A.R.D. after the effective date of the new act where the defendant is charged under the old drunk driving law. We hold that it is not.

■ When a criminal statute is susceptible of two constructions, both reasonable, it is not the construction that is supported by the greater reason that is to prevail but the one that operates in favor of the defendant's liberty. *Commonwealth v. Mourar*, 349 Pa.Super. 583, 595, 504 A.2d 197, 204, *allowance of appeal granted*, 511 Pa. 619, 515 A.2d 898 (1986); *Commonwealth v. Wolfe*, 349 Pa.Super, 415, 418–19, 503 A.2d 435, 437, *allowance of appeal granted*, 514 Pa. 617, 521 A.2d 932 (1986). A penal statute must be strictly construed in favor of the defendant. *Commonwealth v. Broughton*, 257 Pa.Super. 369, 390 A.2d 1282 (1978).

If the legislature intended to include A.R.D. disposition under prior enactments, it could easily have incorporated language eliminating any ambiguity (citations omitted). The rationale behind strict construction of a penal statute is the injustice of convicting a person without clear notice to him that his contemplated conduct is unlawful, as well as notice of the penalties, *Broughton, supra*, 257 Pa.Superior Ct. at 377, 390 A.2d at 1286. For the foregoing reasons we affirm the judgment of sentence.

Judgment of sentence affirmed.

POPOVICH, J., dissents.

POPOVICH, Judge, dissenting:

I dissent to the Majority's holding that an individual arrested under the 1976 Motor Vehicle Code, and his *acceptance* into an Accelerated Rehabilitative Disposition program (ARD) in effect at the time of the 1982 Motor Vehicle Code, is not to be treated as a repeat offender so as to be liable to

a mandatory 30–day minimum sentence under 75 Pa.C.S. § 3731(3)(1)(ii) (Supp.1987–88).

Recently, an en banc panel of this Court concluded that the mere "acceptance" into ARD is the equivalent of a "conviction" under § 3731 for purposes of determining the recidivist status of a defendant charged a second time with driving while intoxicated. See *Commonwealth v. Becker*, 366 Pa.Super. 54, 530 A.2d 888 (1987).

Accordingly, read in a common sense fashion (1 Pa.C.S. § 1921), § 3731(e) requires a person previously *convicted* of an offense under the section in question (i.e., "accepted" into ARD program, *Becker*, supra) to be considered a repeat offender rendering him subject to imprisonment for 30 days or more.

The statute in question is subject to such an interpretation without engaging in any legerdemain. Therefore, the Majority construing the statute in question to the contrary prompts my dissent.