593 A.2d 853

**COMMONWEALTH of Pennsylvania**

v.

**John Stanley REEB III, Appellant.**

Superior Court of Pennsylvania.

Argued March 19, 1991.

Filed June 4, 1991.

Reargument Denied Aug. 8, 1991.

A. Bruce Neuman, Media, for appellant.

Louis G. Stesis, Asst. Dist. Atty., Media, for Com., appellee.

Before CIRILLO, OLSZEWSKI and CERCONE, JJ.

CERCONE, Judge:

This appeal is from the judgment of sentence of the Court of Common Pleas of Delaware County. Appellant was

sentenced to a term of incarceration of thirty (30) days to twenty-three (23) months in the Delaware County Prison following his conviction after a jury trial of driving under the influence of alcohol to a degree which rendered him incapable of safe driving.[1] The jury acquitted appellant on a charge of operating a motor vehicle while the amount of blood alcohol by weight was 0.10% or greater.[2] The minimum sentence which the lower court imposed was based on the court's determination that appellant was a second offender under 75 Pa.C.S.A. § 3731(e)(1)(ii) because of a prior (1985) DUI conviction. Following the judgment of sentence, appellant filed the instant timely appeal.

On appeal, appellant argues that the lower court erred in sentencing him as a second offender under section 3731(e)(1)(ii), *infra*, because he was not informed at his 1984 Accelerated Rehabilitative Disposition (ARD) hearing that a subsequent DUI conviction within seven years of his first conviction would be regarded as a second conviction for sentencing purposes. Appellant argues that since he was not on notice of such a consequence, he cannot be sentenced as a second offender. Appellant contends that in order for the enhanced sentencing provisions of section 3731(e)(1)(ii) to apply, that the defendant must be informed at his first ARD hearing that participation in the ARD program will be the equivalent of a first conviction for sentencing purposes in the event of a subsequent DUI conviction.

Section 3731 of the Vehicle Code relates to driving under the influence of alcohol or controlled substances and includes four separate offenses. *See* § 3731(a). Section 3731(e), relating to penalties for such offenses, provides in pertinent part:

(e) *Penalty.—*

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a

---

1. 75 Pa.C.S.A. § 3731(a)(1).
2. *Id.* § (a)(4).

fine of not less than $300 and serve a minimum term of imprisonment of:

(i) not less than 48 consecutive hours.

(ii) not less than 30 days if the person has previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

.  .  .  .  .

(2) Acceptance of Accelerated Rehabilitative Disposition or any other form of preliminary disposition of any charge brought under this section shall be considered a first conviction for the purpose of computing whether a subsequent conviction of a violation of this section shall be considered a second, third, fourth or subsequent conviction.

75 Pa.C.S.A. § 3731(e).

Rules 175 through 186 of the Pennsylvania Rules of Criminal Procedure relate to Accelerated Rehabilitative Disposition in court cases. Pa.R.Crim.P., Rules 175–86, 42 Pa.C.S.A. Rule 178, entitled "Hearing, Explanation of Program," provides specifically as follows in regard to the ARD hearing.

Hearing on a motion for accelerated rehabilitative disposition shall be in open court in the presence of the defendant, the defendant's attorney, the attorney for the Commonwealth, and any victims who attend. At such hearing, it shall be ascertained on the record whether the defendant understands that:

(1) acceptance into and satisfactory completion of the accelerated rehabilitative disposition program offers the defendant an opportunity to earn a dismissal of the pending charges;

(2) should the defendant fail to complete the program satisfactorily, the defendant may be prosecuted as provided by law; and

(3) the defendant must agree that, if accepted into the program, the defendant waives the appropriate statute of

limitations and the defendant's right to a speedy trial under any applicable Federal or State constitutional provisions, statutes or rules of court during the period of enrollment in the program.

. . . . .

*Comment:* Although acceptance into an ARD program is not intended to constitute a conviction under these rules, it may be statutorily construed as a conviction for purposes of computing sentences on subsequent convictions. See, e.g., Vehicle Code § 3731(e)(2)....

Pa.R.Crim.P., Rule 178, 42 Pa.C.S.A.

In interpreting these enactments, we look to the following rules. The words of a statute must be construed according to their plain meaning. *Commonwealth v. Sojourner,* 513 Pa. 36, 518 A.2d 1145 (1986); *Commonwealth v. Stanley,* 498 Pa. 326, 446 A.2d 583 (1982). "Where the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b). Although not controlling, headings may be used in the construction of statutes. *H.P. Starr & Sons, Inc. v. Stepp,* 206 Pa.Super. 15, 211 A.2d 78 (1965). The Pennsylvania Rules of Criminal Procedure are to be construed in accordance with the rules of statutory construction. Pa.R.Crim.P., Rule 2, 42 Pa. C.S.A.

Viewing the statute under the above standards, we find section 3732(e)(2) to be clear and unambiguous in its terms. The statute straightforwardly indicates that acceptance of ARD in a DUI prosecution "shall" be considered a first conviction for purposes of sentencing when a defendant has been convicted of a subsequent DUI offense. The statute does not by its terms require that a defendant be specifically notified of this fact.

Rule 178 is also clear. That rule sets forth the explanation of the ARD program which must be given at the ARD hearing. Under the rule, three concepts must be explained to the defendant "on the record" for the purpose of the

defendant's understanding of those concepts. *See* Rule 178, *supra.* An explanation of the effect of acceptance of ARD on a subsequent DUI conviction is not one of those three specifically enumerated items. Where certain things are specifically designated in a statute, all omissions should be understood as exclusions. *Commonwealth v. Charles,* 270 Pa.Super. 280, 411 A.2d 527 (1979). The conclusion may thus be drawn that the legislature did not intend to require that the effect of ARD program acceptance be specifically explained at the ARD hearing.

The question arises as to the effect of the comment to Rule 178. It could be argued that the placement of this comment within Rule 178, which sets forth the notification requirements for the ARD hearing, indicates that notice must be provided at that hearing of the effect of ARD acceptance on future DUI convictions. We do not find the comment to possess this far-reaching meaning. Comments by the Supreme Court's criminal rules committee are not binding on the Superior Court, although those comments may be considered as effective aids in interpreting the meaning of the rule. *Commonwealth v. Boyce,* 304 Pa.Super. 27, 450 A.2d 83 (1982).

The comment to Rule 178 does not specifically require that the notice which appellant desires be given. To imply a requirement of such notice, it would be necessary to add this requirement to the already existing provisions of the rule. Our duty to interpret statutes does not include a right to add provisions which the legislature has omitted. *See Commonwealth v. Rieck Investment Corporation,* 419 Pa. 52, 213 A.2d 277 (1965) (it is not for courts to add, by interpretation, to a statute, a requirement which the legislature did not see fit to include); *Altieri v. Allentown Officers' and Employees' Retirement Board,* 368 Pa. 176, 81 A.2d 884 (1951) (same); *Kusza v. Maximonis,* 363 Pa. 479, 70 A.2d 329 (1950) (court cannot, under its powers of construction, supply omissions in a statute, especially where it appears the matter may have been intentionally omitted).

The letter of a statute is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S.A. § 1921.

Appellant claims that the language of this court in previous decisions requires that notice be given to defendants as to the effect of ARD acceptance on the penalties for subsequent offenses. *See Commonwealth v. Stewart,* 374 Pa.Super. 256, 261, 542 A.2d 1010, 1013 (1988) ("[u]nder the new DUI law,[3] defendants are given notice of the sentence enhancement effect of ARD"); *Commonwealth v. Becker,* 366 Pa.Super. 54, 63, 530 A.2d 888, 892 (1987), *appeal denied* 520 Pa. 586, 551 A.2d 213 (1988) (quoting *Frost, infra*); *Commonwealth v. Frost,* 342 Pa.Super. 173, 178, 492 A.2d 448, 450 (1985) ("Defendants who accept ARD for drunk driving are now told that an ARD will be considered a conviction for sentencing purposes in the event of an arrest for drunk driving within the next seven years.").

We find these cases unpersuasive to a conclusion that notice of the effect of ARD acceptance is required. In none of these cases did the court undertake an analysis of the specific provisions of the relevant statute and rules to ascertain whether they require the notice which appellant desires. The conclusion that such notice must be given comes from a statement of the court in *Frost,* to the effect that the practice under the present drunk driving law is that defendants are given notice of the future effect of ARD acceptance at the ARD hearing. *Id.,* 342 Pa.Superior Ct. at 178, 492 A.2d at 450. This statement was not based on any legal authority, but was rather a conclusion drawn by the court apparently upon its taking of judicial notice of purported practice under the new act. In the absence of a basis in statute or rule requiring such notice, we cannot legislate such a requirement, despite the reasoning of the court in *Frost* and other cases which have relied upon it.[4]

3. Act of December 15, 1982, P.L. 1268, No. 289, effective January 14, 1983, referring to the present 75 Pa.C.S.A. § 3731.

4. Although the Pennsylvania Supreme Court denied allocatur in *Commonwealth v. Becker, supra,* this denial does not amount to a holding by the supreme court that notice to the defendant of the enhancement effect of section 3731(e)(2) is required. This court in *Becker* specifi-

Such a decision would go beyond our proper role in the interpretation of legislative enactments. *See Commonwealth v. Rieck Investment Corporation, supra.*

Appellant also contends that Rules 185 and 186 of the rules of criminal procedure mandate a finding that notice be provided of the future consequences of an ARD acceptance. Those rules provide in pertinent part:

*Rule 185. Procedure for Obtaining Order for Dismissal Upon Successful Completion of the Program*

When the defendant shall have completed satisfactorily the program prescribed and complied with its conditions, the defendant may move the court for an order dismissing the charges....

Pa.R.Crim.P., Rule 185, 42 Pa.C.S.A.

*Rule 186. Expungement Upon Successful Completion of ARD Program*

(a) When the judge orders the dismissal of the charges against the defendant, the judge shall also order the expungement of the defendant's arrest record....

*Id.,* Rule 186.

We do not agree that these rules require a finding that the court conducting the ARD hearing must specifically inform the defendant of the future sentencing effect of his ARD acceptance. A statute must be construed so as to give effect to all its provisions if possible. *Commonwealth v. Lobiondo,* 501 Pa. 599, 462 A.2d 662 (1983); 1 Pa.C.S.A. § 1922(2). In addition, statutes which are *in pari materia* shall be construed together, if possible, as one statute. *Id.,* § 1932(b). Statutes are *in pari materia* "when they relate to the same persons or things or to the same class of persons or things." *Id.,* § 1932(a).

In the instant case, Rules 178, 185, and 186, and section 3732(e)(2), *supra,* are *in pari materia* as they all relate to a

cally noted that it did not decide "whether a defendant who was not informed of § 3731(e)(2) at the time he agreed to enter ARD may be sentenced as a recidivist." *366 Pa.Super. at 63, 530 A.2d at 892.*

criminal defendant's acceptance of ARD and the various consequences thereof. It is possible to read these statutes so as to give effect to each of their provisions as section 1932(b) requires. Rules 185 and 186 describe the possible outcomes of the successful completion of the ARD program, *i.e.,* dismissal of the charges and expungement of the arrest record. Section 3732(e)(2) describes an alternative consequence of ARD program participation: the use of an ARD acceptance as a first offense for purposes of sentencing on a subsequent DUI conviction. The fact that Rules 185 and 186 provide for dismissal of charges and expungement after dismissal does not amount to a mandate that the alternative consequence be explained to the defendant on the record at the ARD hearing. In Rule 178, *supra,* the legislature specifically provided that notice be given concerning the possibility of dismissal. It did not provide that notice of possible expungement be given, as it did not provide for notice of the consequence of ARD acceptance on a subsequent, but as yet non-existent, DUI conviction. As desirable as such practice may be, there is simply no legislative provision requiring it. We will not go beyond our authority to interpret statutes to impose such a requirement.

Judgment of sentence affirmed.