## Commonwealth v. Evans

*Paula M. Szortyka, assistant district attorney,* for the Commonwealth.

*John C. Carlson,* for defendant.

STALLONE, *J.,* August 7, 1992—This matter is before the court pursuant to a petition for writ of habeas corpus filed by the appellant, Thomas Lee Evans, on April 6, 1992.[1] Appellant seeks an order of court to be released from the State Correctional Institution at Camp Hill while his appeal from our sentence is pending.

Appellant was convicted of drug offenses on June 19, 1991, after a one day trial.[2] Following the denial of

___

1. Appellant has already filed an appeal of our judgment of sentence to the Superior Court of Pennsylvania.

2. The jury convicted appellant of possession of cocaine and possession with the intent to deliver cocaine, arising out of an incident occurring at 706 Franklin Street, Reading, Berks County, Pennsylvania, on January 3, 1991. This area is well known in the city of Reading for a substantial amount of drug activity.

post-verdict motions, we sentenced him to confinement in a state correctional facility for a period of not less than 45 months nor more than 90 months.[3]

No request was ever made after sentence to be released on bail pending the appeal of his sentence to the Superior Court.

Inasmuch as this matter represents a case of first impression for this court, we believe it important to undertake a close examination of the Pennsylvania Rules of Criminal Procedure governing, first, the revocation of bail and, second, the continuance of bail and/or the setting of new bail following sentence.

The revocation of bail is governed by Rule 4010 of the Pennsylvania Rules of Criminal Procedure, which states in general:

"A. *Before Sentencing*

"(1) Capital and Life Imprisonment Cases. The defendant shall not be released on bail upon a finding of guilty of an offense which is punishable by death or life imprisonment. However, if post-verdict motions are not disposed of within a reasonable period of time thereafter, bail may be allowed in the discretion of the judge.

"(2) Other Cases. The defendant shall have the same right to bail after verdict and before the imposition of sentence as the defendant had before verdict when the aggregate of possible sentences to imprisonment on all outstanding verdicts against the defendant within the same judicial district cannot exceed three years. Except as

---

3. Appellant filed a petition for reconsideration of sentence which was denied by this court after a hearing.

provided in section A(1), when the aggregate of such possible sentences can exceed three years, the defendant shall have the same right to bail as before verdict unless the judge makes a finding:

"(i) that no one or more conditions of bail will reasonably assure the future appearance of the defendant, or

"(ii) that the defendant poses a danger to any other person or to the community or to himself or to herself.

"The judge may revoke or refuse to set bail based upon such a finding.

"B. *After Sentencing*

"(1) When the sentence imposed includes imprisonment of less than two years, the defendant shall have the same right to bail as before verdict.

"(2) Except as provided in section A(1), when the sentence imposed includes imprisonment of two years or more, the defendant shall not have the same right to bail as before verdict, *but bail may be allowed* in the discretion of the judge.

"(3) *When bail is set after sentencing,* the judge shall condition bail upon the defendant's perfecting an appeal within the time permitted by law.

"C. *Reasons for Refusing or Revoking Bail*

"Whenever bail is refused or revoked under authority of this Rule, the judge shall state on the record the reasons for this decision.

"D. *Conditions of Bail After Verdict or After Sentencing*

When bail has been granted under this Rule, the trial judge may, upon the judge's own motion or upon request

of either party, change the conditions of bail, including the amount thereof, if any, based upon the standards set forth in Rule 4004, and considering further any increased likelihood of the defendant's fleeing the jurisdiction or of the defendant's being a danger to any other person or to the community or to himself or herself." (emphasis supplied)

Bail may be revoked either prior to sentencing or after sentencing. For the specific standards which apply to the revocation of bail prior to sentencing, we look to paragraph (A) of Rule 4010. According to paragraph (A), bail may be revoked after a finding of guilt, but before sentencing, when the maximum sentence exceeds three years and the court makes a finding *either:*

"(i) that no one or more conditions of bail will reasonably assure the future appearance of the defendant, or

"(ii) that the defendant poses a danger to any other person or to the community or to himself or herself."

For the specific standards which apply to the revocation of bail after sentencing, we look to paragraph (B) of Rule 4010. According to subparagraph (2) of paragraph (B), bail may be revoked by the sentencing judge when the maximum sentence imposed is two or more years. In addition to setting forth standards governing the revocation of bail, Pa.R.Crim.P. 4010(B) and (C) applies to the setting and/or continuance of bail following sentence.

However, in addition, Pa.R.Crim.P. 4011 provides that:

"Unless bail is revoked, the bond shall be valid until full and final disposition of the case, including all avenues of direct appeal to the Supreme Court of Pennsylvania

and to the Supreme Court of the United States by writ of certiorari or appeal."

Relying upon Rule 4011, appellant contends that because the court did not "revoke" his bail at the time of sentencing his previously posted bail bond remains in full force and effect, thereby entitling him to be released during the pendency of his appeal before the Superior Court.

At the outset it should be understood that all of the rules of criminal procedure governing bail must be construed together in accordance with the rules of statutory construction. See *Commonwealth v. Reeb*, 406 Pa. Super. 28, 593 A.2d 853 (1991). Therefore, we are bound to construe Rule 4010 and Rule 4011 together, rather than separately, as appellant would have us do.

When we do that, we must first consider what they tell us about the relative priority of a sentencing order versus an existing bail bond. It is axiomatic that, upon the imposition of any sentence, the defendant is either released on probation or committed to prison. When a defendant is committed to prison, that commitment is effective on the date of the sentence, unless his release is somehow provided for in the sentencing order. His or her status is then and there immediately changed from being free on bail to being placed in custody. And this is true despite the fact that he or she may have been free on a valid bail bond, unless he or she either makes the appropriate motion pursuant to Rule 4010 before the trial judge subject to the perfection of a timely appeal or, in the alternative, after he or she is incarcerated, he or she timely files and perfects an appeal and then files

a petition for release on bail pending appeal pursuant to Pa.R.A.P. 1762(b).

It is this change in the defendant's status resulting from the sentence which clearly demonstrates that the sentencing order "supersedes" the bail bond.

Moreover, there is no question that this case does not involve the issue of whether or not the appellant's bail was revoked by the trial judge at the time of sentence, for it clearly was not. Rather, we are concerned with the meaning and intent of Rule 4010 and Rule 4011 by construing them in accordance with the rules of statutory construction. When we do so, we find that Rule 4010 authorizes the trial court to set bail after sentencing pending the perfection of an appeal and that Rule 4011 merely provides that any such bail set by the court after sentencing pursuant to Rule 4010 continues throughout all appellate proceedings, and nothing more. This is consistent with the letter, the spirit and the practice under Rule 4010. Rule 4011 was never meant to entitle a defendant to be released on bail as a matter of right while his or her case is on appeal, as appellant contends. In fact, such an interpretation would deprive Rule 4010, and especially paragraphs (B) and (C) thereof, of any meaning, since the priority of a sentencing order over a bail bond is unequivocally recognized in Rule 4010. Clearly, there would be no reason for the court to "set" bail after sentence pending appeal if the defendant was automatically entitled to remain on bail.

And so, it is clear that it is the Pennsylvania Rules of Appellate Procedure and the Pennsylvania Rules of Criminal Procedure which govern the release on bail of

an incarcerated defendant after sentencing whose case is on appeal ... and not the terms of the previously posted bail bond. We must therefore reject appellant's argument.

It should further be noted that although appellant failed to file a petition for release on bail pending appeal in compliance with Pa.R.A.P. 1762(b), as directed by order of this court on March 30, 1992, we nevertheless held a hearing on May 27, 1992, and gave appellant an opportunity to be heard as if the matter was properly filed. However, not only did appellant flatly refuse to do so, he likewise failed to provide the court with any reasons as to why his petition should be granted, aside from the fact that his case is currently on appeal and that he posted a pre-verdict bail bond. In the opinion of this court, his failure to provide the court with valid reasons for releasing him at this time is critical, for Pa.R.A.P. 1762(b) clearly states:

"(b) *Release Pending Appeal*—Application for release pending appeal in criminal matters shall be governed *by the applicable provisions of the Pennsylvania Rules of Criminal Procedure* and must ordinarily be made in the first instance to the lower court." (emphasis supplied)

Therefore, it is clear that, because this request for release on bail must be made in compliance with the Pennsylvania Rules of Criminal Procedure, appellant's petition must therefore necessarily be governed by the same standards which apply to the setting of "pre-verdict" bail. Those standards are set forth in Pa.R.Crim.P. 4004 and consist of the following seven factors which the issuing authority or court, in this instance, must consider in setting bail:

"(i) the nature of the offense charged and any mitigating or aggravating factor that may bear upon the likelihood of conviction and possible penalty;

"(ii) the defendant's employment status and history and his financial condition;

"(iii) the nature of his family relationships;

"(iv) his past and present residences;

"(v) his age, character, reputation, mental condition, record of relevant convictions, and whether addicted to alcohol or drugs;

"(vi) if he has previously been released on bail, whether he appeared as required; and

"(vii) any other facts relevant to whether the defendant has strong ties with the community or is likely to flee the jurisdiction."

Appellant introduced absolutely no evidence whatsoever as to any of these seven factors at the May 27, 1992, hearing. As a result, we are of the opinion that appellant has not met his burden of establishing the merits of his petition.

Furthermore, in addition to allowing appellant an opportunity to submit evidence pursuant to Pa.R.A.P. 1762(b) at the hearing, we provided him with the alternative of requesting a continuance of the hearing in order to allow him additional time to prepare the proper petition and submit his evidence, but he refused to take advantage of that suggestion as well.

Therefore, for all of the foregoing reasons, we now enter the following attached order.

## ORDER

And now, August 7, 1992, it is hereby ordered that the prayer of the appellant's petition for writ of habeas corpus, requesting the court to release him on his present bail of $10,000 pending the disposition of his currently outstanding appeal to the Superior Court of Pennsylvania, be and hereby is denied.