J-S76024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| OMAR POWELL | |
| Appellant | No. 1364 EDA 2017 |

Appeal from the PCRA Order March 16, 2017
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0002378-2006

BEFORE:  PANELLA, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:  **FILED FEBRUARY 12, 2018**

Appellant, Omar Powell, appeals *pro se* from the March 16, 2017 order entered in the Court of Common Pleas of Lehigh County, dismissing his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Appellant raises a plethora of claims and sub-claims for our review.  In essence, however, Appellant disagrees with the PCRA's court rejection of the "new fact," *i.e.*, "newly discovered exculpatory witness," as ground for meeting the timeliness requirements under the PCRA.  Upon review, we affirm the order of the PCRA court.

---

[*] Retired Senior Judge assigned to the Superior Court.

The procedural background of the instant matter can be summarized as follows. On March 29, 2007, a jury found Appellant guilty of murder in the first degree. On April 17, 2007, the trial court sentenced him to life in prison. After we denied his direct appeal,[1] Appellant filed a petition for allowance of appeal with our Supreme Court. The Supreme Court denied his petition on July 14, 2008.[2]

Appellant filed the instant PCRA petition, his fourth, on July 26, 2016. In response, the PCRA court appointed counsel to represent Appellant in connection with Appellant's latest allegation (*i.e.*, the existence of a witness exonerating him from the murder). Appointed counsel, after conducting further investigation, filed a petition to withdraw from representing Appellant in the proceedings. On March 16, 2017, the PCRA court granted counsel's

---

[1] ***Commonwealth v. Powell***, No. 2285 EDA 2007, unpublished memorandum (Pa. Super. filed July 14, 2008).

[2] ***Commonwealth v. Powell***, 959 A.2d 971 (Pa. 2008).

petition to withdraw and dismissed the instant PCRA petition. This appeal followed.[3, 4]

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are

---

[3] Appellant filed the instant appeal on April 10, 2017. The trial court docket shows that four days later, *i.e.*, April 14, 2017, the Clerk of courts sent Appellant a "notification . . . regarding appeal deficiencies – appealable date, etc.". Said notification is not in the record. On April 25, 2017, Appellant filed another notice of appeal, presumably an amended one, to address problems with the first notice of appeal.

A review of the first notice of appeal reveals that Appellant erroneously stated the date of the order being appealed. The notice, however, is proper in all other aspects, including the docket number. Accordingly, we conclude the error was harmless and we accept the instant appeal, as amended, filed on April 10, 2017. *See Commonwealth v. Kornicki*, 515 A.2d 925 (Pa. Super. 1986) (defect in notice of appeal, which erroneously states which final order is being appealed from, is harmless error where appeal is otherwise proper).

[4] After the filing of the instant appeal, Appellant filed appeals *pro se* from the denial of Appellant's "petition for reopening the record," and the "motion for re-appointment of counsel." The trial court denied both applications. Appellant appealed both denials. The appeal was docketed at 1399 EDA 2017. Upon review, we quashed the appeal pursuant to Pa.R.A.P. 1701(a). We also noted that the issues raised in that appeal were moot in light of the disposition of the instant matter.

jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. **See Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008) (consideration of **Brady** claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. **See Commonwealth v. Holmes**, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.") (citing **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999)).

Finally, the exception to the PCRA's one-year time limit requires petitioners to file their PCRA petition within sixty days of the date the claim could have been presented. Thus, petitioners must plead and prove specific facts demonstrating their claim was raised within the sixty-day time frame of Section 9545(b)(1)(ii). **See** 42 Pa.C.S.A. § 9545(b)(2); **see also Commonwealth v. Hernandez**, 79 A.3d 649, 651-52 (Pa. Super. 2013).

The instant PCRA petition is facially untimely as he filed it over seven years after the expiration of the time for a timely filing.[5] Appellant argues the petition meets one of the exceptions to the timeliness general rule, the previously unknown facts exception set forth in Section 9545(b)(1)(ii).[6] In particular, Appellant argues a previously unavailable witness is now willing to testify that someone else committed the underlying crime (*i.e.*, murder).

The PCRA court addressed the claim as follows:

> [The affidavit of witness] appears timely because it was dated July 1, 2016, and [A]ppellant's PCRA petition was filed on July 26, 2016. However, [A]ppellant fails to explain how [witness], nineteen (19) years after the murder of [victim], literally appeared out of thin air. A review of [Appellant]'s petition merely states that [witness] is a "new witness [who] has subsequently become available." [Witness]'s affidavit is only slightly more enlightening by her averment that she was "afraid" and "did not want to get involved." In other words, [Appellant] has failed to explain why he could not have learned the new facts earlier with the exercise of due diligence. [Appellant] will not be permitted to circumvent the time-bar without establishing when he first became aware of [witness]'s statements. The date on the affidavit does not sustain [Appellant]'s burden of pleading and proving that the after-

---

[5] Appellant's sentence became final on February 11, 2009, after our Supreme Court denied his petition for *allocatur* and the expiration of the time for filing a petition for writ of certiorari in the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup.Ct.R. 13. Appellant had one year from that date to file a timely petition. He filed the instant petition approximately ten years after that date. The instant PCRA petition is therefore facially untimely.

[6] The exception requires a petitioner to plead and prove two components: 1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence. *See Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017). Thus, a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence. *See Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001).

discovered facts exception allows him to avoid the statutory time-bar.

PCRA Court Opinion, 6/8/17, at 4-5 (footnotes and citations omitted).

The PCRA court also noted that the "new facts" alleged in the instant petition (*i.e.*, someone else committed the underlying murder) was already brought to the court's attention in his previous, unsuccessful PCRA petition. ***Id.*** at 5. To this end, the PCRA court properly noted that "[t]he focus of the exception is on [the] newly discovered *facts,* not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (emphasis in original) (citation omitted). "[Appellant]'s use of [witness] is just another 'conduit for the same claim[, which] does not transform his latest source into evidence falling within the ambit of [Section] 9545(b)(1)(ii).'" PCRA Court Opinion, 6/8/17, at 5 (quoting ***Marshall***, ***supra***). We agree with the PCRA court's analysis and conclusion. Accordingly, we conclude the PCRA court properly found that Appellant failed to satisfy the exception set forth in Section 9545(b)(1)(ii). Therefore, we affirm the order dismissing Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/12/18