344 A.2d 826

**T. P. McGOVERN and Dorothy McGovern, his wife, Appellants,**

**v.**

**John J. SPEAR and Constance Spear, his wife, Appellees.**

Supreme Court of Pennsylvania.

Argued Nov. 20, 1974.

Decided Oct. 3, 1975.

270

Raymond J. Quaglia, Philadelphia, for appellants.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Appellants, T. P. McGovern and Dorothy McGovern, husband and wife, filed a complaint in equity on February 5, 1971, against their next door neighbors John J. Spear and Constance Spear. Appellants sought to enjoin appellees (1) from maintaining a wooden fence upon appellants' property, (2) from maintaining a large and bright spotlight which interfered with the appellants' use of their property; and (3) from burning various combustible materials which interfered with the appellants' use of their property. Appellants further alleged that they had suffered damages as a result of the complained of conduct of appellees. Appellees' preliminary objections were dismissed, and they filed an answer to the complaint. Subsequently, a pretrial conference was held, depositions of appellant T. P. McGovern and appellee John J. Spear were taken, and a motion for summary

judgment was filed by appellees. Summary judgment for the appellees was entered on September 10, 1973. This appeal followed. Appellants now contend that the entry of summary judgment was improper because the pleadings and depositions presented genuine issues of fact.

Appellants' complaint contained three counts, each relating to separate and unrelated transactions. Count One of the complaint concerned appellees' construction and maintenance of a wooden fence upon appellants' property. Count Two concerned appellees' large and bright spotlight which allegedly interfered with appellants' use of their property. The record discloses that subsequent to the filing of the complaint the appellees ceased the conduct complained of in Counts One and Two. The fence, which admittedly encroached four or five inches upon appellants' property, was taken down, and appellees stopped using the spotlight. Under these circumstances, the trial court could have properly decided to exercise its discretion and deny injunctive relief, but the granting of summary judgment on these two counts was error. In addition to their request for injunctive relief, appellants alleged (1) that they had suffered harm as a result of the fence encroachment and appellees' refusals to remove the fence prior to the commencement of the law suit; and (2) that they had suffered harm as a result of the appellees' maintenance of the spotlight prior to its removal following commencement of the law suit. The pleadings and depositions disclose that genuine issues of fact concerning appellants' alleged damages remained in dispute. The trial court's opinion is silent concerning these alleged damages.

There was proper equity jurisdiction as to Counts One and Two because at the time the action was initiated, the alleged fence and spotlight encroachments were continuing. Once equity obtains jurisdiction, that

jurisdiction continues until all issues raised have been determined. *Solomon v. Cedar Acres East, Inc.*, 455 Pa. 496, 317 A.2d 283 (1974); *Ackerman v. North Huntingdon*, 437 Pa. 49, 261 A.2d 570 (1970); *Wortex Mills v. Textile Workers Union*, 380 Pa. 3, 109 A.2d 815 (1955). The trial court erred in not resolving the issue of damages raised by the pleading. Counts One and Two therefore must be remanded for a resolution of the damage question.

Count Three concerned appellees' burning of combustible materials. In this Count, as in Counts One and Two, appellants requested injunctive relief and requested damages for harm allegedly suffered. The record discloses, however, that the activity complained of in Count Three ceased in May of 1970, seven months before the filing of appellants' complaint. Under these circumstances, no basis for equity jurisdiction existed at the time the complaint was filed. Appellants, however, have a remedy at law for the harm allegedly suffered, and rather than entering summary judgment, the trial court should have certified appellants' claim for damages to the law side of the court pursuant to Rule 1509(c) of the Pennsylvania Rules of Civil Procedure.

The decree of the trial court is vacated and the matter is remanded for further proceedings consistent with this opinion.

Each party to pay own costs.

JONES, C. J., did not participate in the consideration or decision of this case.