562 A.2d 1010

**Olan B. LOWREY and Margot Lowrey, his wife, Appellants,**

**v.**

**EAST PIKELAND TOWNSHIP and Valley Forge Sewer Authority, Appellees. (Two Cases)**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 14, 1989.

Decided Aug. 15, 1989.

Reargument Denied Oct. 25, 1989.

Olan B. Lowrey, Philadelphia, pro se.

James C. Sargent, Jr., Ellen M. Resinski, Lamb, Windle & McErlane, P.C., West Chester, for appellees.

Before CRUMLISH, Jr., President Judge, and CRAIG, BARRY, COLINS, PALLADINO, McGINLEY and SMITH, JJ.

SMITH, Judge.

Olan B. Lowrey (Appellant)[1] appeals from orders of the Chester County Court of Common Pleas sustaining the motion for summary judgment of East Pikeland Township and Valley Forge Sewer Authority (Appellees) and denying Appellant's motion to time stamp notice of appeal to reflect the actual date of receipt by the prothonotary. Also pending before the Court is Appellees' motion to quash Appellant's appeal of the order granting summary judgment for failure to file a timely appeal. This Court reverses the denial of Appellant's motion to time stamp; denies Appellees' motion to quash; and affirms the trial court's order granting summary judgment.[2]

The issues before this Court are whether the trial court abused its discretion by denying Appellant's motion to time stamp and whether the trial court erred as a matter of law or abused its discretion by granting Appellees' motion for summary judgment without allowing Appellant the opportunity to present evidence as to the reasonableness of the sewer rate charges assessed by Appellees.

Appellees filed their two-count complaint against Appellant and his wife in June of 1983, requesting that the trial court exercise its equitable powers and order Appellants to connect their property to the Valley Forge sewer system in accordance with 53 P.S. § 66501.1[3] and East Township Ordinance No. 25 (1971). Appellees also sought damages for tapping fees, connection fees, front footage assessments

1. During the pendency of this action, Appellant's wife Margot J. Lowrey died.

2. Appellant's appeals of these two issues were filed as two separate appeals (No. 203 C.D.1987 relates to the summary judgment issue and No. 1778 C.D.1987 relates to denial of motion to time stamp); however, they were consolidated by this Court on August 12, 1987.

3. Section 1501.1 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, added by Section 1 of the Act of January 14, 1952, P.L.1989, 53 P.S. § 66501.1.

and sewer rental fees. Some time after the filing of this complaint, Appellant connected his property to the sewer system rendering moot the first count of the complaint.[4]

Appellees' motion for summary judgment was sustained by the trial court on November 25, 1986.[5] On December 17, 1986, Appellant mailed a notice of appeal to the prothonotary which did not include the case number. This notice was received by the prothonotary within the thirty-day time limit of Pa.R.A.P. 903 but not file stamped upon receipt. Instead, the prothonotary mailed the notice back to Appellant with a handwritten note requesting the case number. By the time the notice was returned by Appellant with the case number added, the thirty-day time period had expired.

In denying the motion to time stamp notice of appeal to reflect a date prior to December 26, 1986, the trial court found that Appellant's failure to comply with Pa.R.A.P. 904, which specifies that the file number be included on the notice of appeal, made it impossible for the prothonotary to accept and docket the appeal. This finding is not in accordance with Pa.R.A.P. 902 which states:

> An appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903 (time for appeal). Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate. . . .

---

**4.** The sewer system was available for connection in 1977 and although Appellant failed to connect to it until 1983, he was properly assessed fees for the period 1977 through 1983. *See Marnickas v. Tremont Municipal Authority,* 67 Pa. Commonwealth Ct. 117, 445 A.2d 1383 (1982) and *Coudriet v. Township of Benzinger,* 49 Pa. Commonwealth 275, 411 A.2d 846 (1980).

**5.** The trial court found that Appellant's defense of accord and satisfaction had not been timely pled, that Appellant could not challenge the reasonableness of the rates in an equitable proceeding, and therefore there were no genuine issues of fact for the court to decide.

Except for the omission of the case number, Appellant complied with all other requirements of Rules 904 and 905 including service of notice upon opposing counsel. This Court finds that the trial court's denial of Appellant's motion to time stamp was therefore an abuse of discretion.[6] Accordingly, Appellees' motion to quash Appellant's appeal is denied by this Court as Appellant's notice of appeal was timely filed.

The remaining issue [7] is whether the trial court erred as a matter of law or abused its discretion in sustaining Appellees' motion for summary judgment.[8] Appellant argues that summary judgment is inappropriate when genuine factual issues remain to be disposed of, such as the reasonableness of the rates and tapping charges. As noted by the trial court, Appellant has not used the correct procedure to attack the reasonableness or constitutionality of the rate schedules.[9]

It is well settled that once equity obtains jurisdiction, that jurisdiction continues until all issues raised have been determined. *McGovern v. Spear*, 463 Pa. 269, 344 A.2d 826 (1975). At the time this action was initiated, there was proper equity jurisdiction because Appellant had not yet hooked into the sewer system. Even though this equitable count later became moot, the court's jurisdiction to hear Appellees' claim for damages continued. *Id.*, 463 Pa. at 272–273, 344 A.2d at 828. This same analysis, however,

---

6. *See Stout v. Universal Underwriters Insurance Co.*, 491 Pa. 601, 605, 421 A.2d 1047, 1049 (1980), wherein the Supreme Court held that the Rules of Appellate Procedure were not intended "to be so rigidly applied as to result in manifest injustice, particularly where there has been substantial compliance and no prejudice."

7. In its adjudication dated November 25, 1986, the trial court also ruled that Appellant had failed to raise the affirmative defense of accord and satisfaction in a timely manner.

8. *See Farley v. Township of Upper Darby*, 100 Pa. Commonwealth Ct. 535, 514 A.2d 1023 (1986), *appeal denied*, 517 Pa. 611, 536 A.2d 1334 (1987), for this Court's scope of review of orders granting summary judgment.

9. It should be noted that Appellant first challenged the reasonableness of the rates over six years after receiving notice to connect into the system and only in response to a lawsuit filed by Appellee to force him to connect to the system and pay past due charges.

cannot be applied to the issue of the reasonableness of the charges assessed by Appellees. Section 306B(h) of the Municipality Authorities Act of 1945 [10] provides the exclusive remedy available to a person challenging the reasonableness of the rates charged by Appellees, i.e., the filing of a suit in the court of common pleas.

■ Insofar as the trial court was sitting in equity, it did not have jurisdiction to hear or decide the issue of the reasonableness of the rates. In *Calabrese v. Collier Township Municipal Authority*, 430 Pa. 289, 297, 240 A.2d 544, 548 (1968), the Supreme Court held that:

> The statute provides an *exclusive* remedy for passing upon the reasonableness of the rates of a municipal Authority by a proceeding before a tribunal to which it has given *exclusive* jurisdiction to determine such questions. Such tribunal is not a court of common pleas sitting as a chancery court ... but a common law court of common pleas. (Emphasis in the original.)

*See South Union Township Sewage Authority v. Kozares*, 13 Pa. Commonwealth 325, 320 A.2d 381 (1974) wherein this Court first applied the ruling in *Calabrese*. Insofar as the trial court was without jurisdiction to hear Appellant's challenge as to the reasonableness of the rates, Appellees' motion for summary judgment was properly granted.

## ORDER

AND NOW this 15th day of August, 1989, the order of the Chester County Court of Common Pleas denying Appellant's motion to time stamp notice of appeal is reversed, and Appellees' motion to quash appeal is denied. The order sustaining Appellees' motion for summary judgment is hereby affirmed.

**10.** Section 306B(h) of the Municipality Authorities Act of 1945, May 2, 1945, P.L. 382, *as amended*, 53 P.S. § 306B(h).