Vincent McKEETA, on behalf of himself
and all others similarly situated,
Appellant,

v.

DUQUESNE SCHOOL DISTRICT, Gate-
way School District, McKeesport School
District, West Mifflin School District,
East Allegheny School District, and
Clairton School District (Two Cases).

Bruce AMSHEL, on behalf of himself
and all others similarly situated,
Appellant

v.

PITTSBURGH SCHOOL DISTRICT, Alle-
gheny Intermediate Unit, Mt. Lebanon
School District, Woodland Hills School
District, North Hills School District, and
Plum Borough School District (Six
Cases).

Commonwealth Court of Pennsylvania.

Argued March 16, 1998.

Decided April 8, 1998.

Ellen M. Doyle, Pittsburgh, for appellants.

Beth S. Mills, Canonsburg, for appellees
Duquesne and Clairton School District.
Shelly Pagac, Pittsburgh, for appellee, Pitts-
burgh School District. Lee V. Price, Pitts-
burgh, for appellees, Allegheny Intermediate
Unit, et al.

Before PELLEGRINI and FLAHERTY,
JJ., and McCLOSKEY, Senior Judge.

PELLEGRINI, Judge.

Bruce Amshel (Amshel) and Vincent
McKeeta (McKeeta) appeal multiple orders
of the Court of Common Pleas of Allegheny
County (trial court) dismissing their respec-
tive class action complaints and sustaining
the preliminary objections filed by 12 differ-
ent school districts (School Districts) in Alle-
gheny County, Pennsylvania.

Amshel is a substitute teacher certified to
teach secondary general science and biology
and has served as a substitute teacher for a
number of years in six School Districts in
Allegheny County. Those School Districts
include Pittsburgh, Allegheny Intermediate
Unit No. 3, Mt. Lebanon, Woodland Hills,
North Hills and Plum Borough. In January
of 1997, he filed a class action complaint[1] on

---

1. In his complaint, Amshel alleged that a class
action was necessary because the class was so
numerous and the exact number of substitute
teachers was unknown.

behalf of himself and all other similarly situated substitute teachers against those six School Districts alleging that in the past six years, they had not paid their substitute teachers the minimum compensation required by the Pennsylvania Public School Code of 1949 (School Code).[2] Specifically, he alleged that substitute teachers were entitled to be paid a per diem based on the salary that full-time teachers were being paid under Section 1142.1 of the School Code, 24 P.S. § 11–1142.1[3] since they received a raise in 1988, not on the salary they were paid prior to that date under Section 1142 of the School Code, 24 P.S. § 11–1142. McKeeta, also a substitute teacher who has taught for 24 years in six different Allegheny County School Districts, filed a class action complaint on behalf of himself and all other similarly situated substitute teachers against Duquesne, Gateway, McKeesport, West Mifflin, East Allegheny and Clairton School Districts alleging that they, too, had not paid their substitute teachers the minimum compensation required by the School Code.

In their complaints, Amshel and McKeeta alleged that all substitute teachers in the class had suffered financial damage from the School Districts' failure to pay them minimum compensation in accordance with the School Code. They sought an injunction requiring the School Districts to cease and desist from violating the minimum compensation provisions of the School Code and requested payment of damages representing the difference between the compensation required to be paid by the School Code and the amount actually paid to the substitute teachers plus interest.

All 12 School Districts filed preliminary objections in the nature of a demurrer to the two class action complaints alleging that Amshel and McKeeta incorrectly asserted that the School Code required them to pay substitute teachers a per diem based on the increased salary required to be paid to full-time teachers under Section 1142.1. Instead, they alleged that Section 1148 of the School Code, 24 P.S. § 11–1148 specifically provided the amount of compensation that substitute teachers were to be paid was based on a per diem of the salaries teachers were paid prior to being given a raise in 1988 under Section 1142. The School Districts aver that because the complaints did not allege that any members of the class were paid less than that amount, the complaints should be dismissed. Several of the School Districts also alleged that the School Code did not provide a private cause of action to Amshel and McKeeta to address a school district's failure to comply with its provisions, and that they had failed to first exhaust their administrative remedies available through the Department of Education or the grievance procedure under the applicable collective bargaining agreement between the School Districts and the substitute teachers.

The trial court initially determined that the School Code provided Amshel and McKeeta with a private right of action. Nonetheless, it granted the preliminary objections of all 12 School Districts and dismissed Amshel's and McKeeta's complaints with prejudice based on its determination that a plain reading of the School Code supported the School Districts' contention that substitute teachers were not entitled to a per diem of the salary full-time teachers were being paid since 1988 under Section 1142.1. The trial court issued six separate orders granting the preliminary objections of the individual School Districts named in Amshel's complaint. As to McKeeta's complaint, the trial court issued two separate orders— one granting the preliminary objections of Gateway and East Allegheny School Districts and the other granting the preliminary objections of Duquesne, McKeesport, West Mifflin and Clairton School Districts. Both orders were dated June 30, 1997, and were filed on July 7, 1997. The trial court did not address whether Amshel and McKeeta failed to exhaust administrative remedies or whether the grievance procedure under the parties' collective bargaining agreement was required.

Amshel timely filed six appeals from each of the trial court's orders granting the pre-

---

**2.** Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101—27–2702.

**3.** Added by the Act of October 20, 1988, P.L. 827.

liminary objections of the individual School Districts. McKeeta initially only timely filed an appeal from the order pertaining to Gateway and East Allegheny, but only named Gateway School District.[4] Subsequently, on August 22, 1997, McKeeta filed two "clarified" notices of appeal. In the first clarification, he appealed from the final order in favor of Gateway and East Allegheny School Districts, and in the other, from the order in favor of Duquesne, McKeesport, West Mifflin and Clairton School Districts. McKeesport, West Mifflin, Duquesne and Clairton School Districts filed a motion to quash McKeeta's appeal arguing that because they were only named in the "clarified appeal" filed on August 22, 1997, from the order dated July 7, 1997, that appeal was untimely. The trial court issued an order on September 22, 1997, denying that motion for want of jurisdiction. All the appeals have been consolidated and are presently before this court.

■■■ Addressing first the issue of the School Districts' motion to quash because McKeeta's appeal was not timely filed, an untimely appeal must be quashed absent a showing of fraud or a breakdown in the court's operation. *Thorn v. Newman*, 113 Pa.Cmwlth. 642, 538 A.2d 105 (1988). McKeeta's July 18, 1997 appeal from the trial court's order granting Gateway School Districts' preliminary objections was timely filed because it was filed within 30 days from July 7, 1997, pursuant to the 30 day requirement under Pa. R.A.P. 903.[5] We note that East Allegheny did not join in the motion to quash. However, because the trial court granted the preliminary objections of East Allegheny and it was not named in the July 18, 1997 appeal, but only named in the clarified appeal dated August 22, 1997, the clarified appeal was not timely filed. Similarly, the clarified appeal dated August 22, 1997, from the order granting the preliminary objections of McKeesport, West Mifflin, Duquesne and Clairton School Districts was also not filed within 30 days of July 18, 1997, and, therefore, is untimely. "There is no authorization in Pennsylvania law that permits a party to file an 'amended' notice of appeal ... after the filing of an initial notice of appeal for the purpose of effectuating an appeal from an order different from and dated earlier than the order noted originally." *Id.* 538 A.2d at 108. Because there has been no allegation of fraud or a breakdown in the system relative to the "clarified appeals", McKeeta's appeals from those orders are quashed.[6] Consequently, only McKeeta's appeal from the order granting Gateway School District's preliminary objections remains alive.

Reaching the merits of this case, the issue before us is whether substitute teachers' salaries are to be paid a per diem based on what teachers were paid prior to receiving a raise in 1988 under Section 1142 of the School Code or based on what they have been paid since they received a raise in 1988 under Section 1142.1 of the School Code.[7]

4. McKeeta states in his brief that he also filed an appeal from the order naming Duquesne School District and, in fact, provides a copy of that appeal in his reproduced record. However, because that appeal was not included in the original record, it will not be made part of the record on appeal. *See* Pa. R.A.P.1921 (original papers and exhibits filed with the trial court, transcript of proceedings and a certified copy of the docket entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases.)

5. Pa. R.A.P. 903(a) provides that except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.

6. McKeeta contends that his appeal should not be quashed because there was a breakdown in the system. He explains that he actually filed an appeal from the order granting Duquesne School District's preliminary objections on July 18, 1997, but the docket incorrectly reflects two separate notices of appeal from the order granting Gateway School District's preliminary objections. While he alleges in his brief that "there may have been a breakdown in the operations of the court", he fails to state how the court made a mistake in filing and docketing the proper appeal. Further, he has not alleged that there was a breakdown in the system relative to his "clarified appeals" from the order granting the preliminary objections of McKeesport, West Mifflin and Clairton School Districts or from the order granting the preliminary objections of Gateway and East Allegheny.

7. Duquesne and Clairton School Districts continue to argue that the School Code does not afford a private cause of action. However, our Supreme Court in *Wildrick v. Board of Directors of Sayre Area School District*, 491 Pa. 25, 417 A.2d

Section 1142, which was enacted in 1949, provides the following regarding salary schedule and increments for teachers and other school professionals:

> (a) Except as hereinafter otherwise provided, all school districts and vocational school districts shall pay *all regular and temporary teachers,* supervisors, directors and coordinators of vocational education, psychologists, teachers of classes for exceptional children, supervising principals, vocational teachers, and principals in the public schools of the district the minimum salaries and increments for the school year 1968–1969 and each school year thereafter, as provided in the following tabulation in accordance with the column in which the professional employe is grouped and the step which the professional employe has attained by years of experience within the school district each step after step 1 constituting one year of service. (Emphasis added.)

The minimum salary a teacher could receive in the 1968–1969 school year was $6,000.[8]

Section 1148, which specifically addresses substitute teachers, was also enacted in 1949 and provided:

> Substitutes shall be paid not less than the minimum salary provided for by this subdivision, or in the event they are employed for less than a full school year, the proportionate part of such minimum salary equal to the proportionate part of the school year during which they were employed, arrived at by dividing the number of days during which a substitute was employed by the total number of days the schools of the district were in session during the school year.

In 1988, this section was amended to read: Substitutes shall be paid not less than the minimum salary provided for by *section 1142.* The words "this subdivision" were deleted.

At the same time that Section 1148 was amended in 1988, Section 1142.1 was added to the School Code and provided full-time teachers with an increased salary. Subsection (a) of that section provides in relevant part:

> Notwithstanding the provisions of section 1142, the minimum salary paid to *full-time teachers* for the school term 1988–1989 and each school term thereafter, shall be eighteen thousand five hundred dollars ($18,500) as provided in this section. (Emphasis added.)

Amshel and McKeeta contend that substitute teachers are entitled to be paid the appropriate portion of $18,500 that full-time teachers receive under Section 1142.1 of the School Code despite the language in Section 1148 that mandates they shall be paid no less than the minimum provided under Section 1142 or $6,000. They contend that by including the introductory language of Section 1142.1, "Notwithstanding the provisions of 1142 ..." the General Assembly intended that Section 1142.1 was to be read as a supplement to Section 1142. They argue that this intent can be inferred because for 39 years before the addition of Section 1142.1, there was parity for the minimum compensation of full-time teachers and substitute teachers.

The School Districts, however, argue that the plain language of Section 1142.1 applies to full-time teachers and not substitute teachers that are covered under Section 1148. Because Section 1148 of the School Code specifies that substitute teachers are to be paid in accordance with Section 1142, not 1142.1, they should not be paid at the higher rate as full-time teachers. Additionally, they argue that the General Assembly did not intend for Section 1142.1 to apply to substitute teachers.

█ The manner in which the General Assembly amended Section 1148 and added Section 1142.1 showed that it did not intend

---

617 (1980), held that school teachers were afforded a private cause of action under Section 1142. Even though the School Districts argue that *Wildrick* is inapplicable because it involved full-time teachers and not substitutes, substitute teachers are specifically addressed under Section 1148 of the School Code giving them the same interest as full-time teachers.

**8.** We mention both of these categories because while Amshel and McKeeta are both certified teachers, the record does not reflect whether they hold standard or college certificates.

for substitute teachers to continue being paid on the same salary scale as full-time teachers who had received a raise under Section 1142.1, but that they were to continue being paid in accordance with Section 1142. By specifically amending Section 1148 and replacing the words "this subdivision" with the words "Section 1142", the General Assembly showed that substitute teachers were being treated differently than full-time teachers. Because Section 1142.1 was added to the School Code on the same date that Section 1148 was amended, had the General Assembly intended that substitute teachers would be paid according to the salaries set forth in Section 1142.1, they would have amended Section 1148 accordingly. Further, the fact that the General Assembly prefaced Section 1142.1 with the words "Notwithstanding the provisions of 1142" does not mean that Section 1142.1 was intended to supplement Section 1142, but only that full-time teachers were to be paid $18,500 "notwithstanding" that Section 1142 said $6,000. As Judge Horgos succinctly explained in his opinion:

> Section 1148 was amended specifically so that the compensation of substitute teachers refers back only to Section 1142 and not the entire subdivision. By its specific reference to Section 1142, the legislature specifically precluded Section 1148 from referring to the newly added Section 1142.1. As amended, Section 1148 thus refers only to Section 1142 and not to Section 1142.1. Section 1142.1 applies to full-time teachers and does not include substitute teachers such as the Plaintiffs herein.

Because the language in Section 1148 is clear and free from any ambiguity, the trial court properly determined that Amshel and McKeeta failed to state a cause of action upon which relief could be granted and dismissed their complaints.

Accordingly, the decision of the trial court is affirmed.

### ORDER

AND NOW, this 8th day of April, 1998, the clarified appeals filed by Vincent McKeeta dated August 22, 1997, are quashed and the orders of the Court of Common Pleas of Allegheny County, dated June 3, 1996, and August 25, 1997, are affirmed.