GUY M. COOPER, INC., Appellant

v.

EAST PENN SCHOOL DISTRICT.

v.

Bilt–Rite Contractors, Inc., United States Fidelity & Guaranty Company, and The Architectural Studio and O'Brien–Kreitzberg & Associates, Inc.

Guy M. Cooper, Inc.,

v.

East Penn School District

v.

Bilt–Rite Contractors, Inc., United States Fidelity & Guaranty Company, and The Architectural Studio and O'Brien–Kreitzberg & Associates, Inc.

Appeal of: East Penn School District.

Commonwealth Court of Pennsylvania.

Argued Feb. 16, 2006.

Decided Feb. 23, 2006.

Publication Ordered March 8, 2006.

Richard W. Hunt, Marlton, NJ, for appellant, Guy M. Cooper, Inc.

Domenic P. Sbrocchi, Bethlehem, for appellees.

OPINION BY Judge SIMPSON.

This memorandum opinion is filed to explain the reasons for my order of February 16, 2006, entered after written and oral argument, which denied a motion to quash and granted leave to the appellant to file an amended notice of appeal correctly identifying which of five orders entered the same day was being appealed.

This controversy arises out of the construction of a new middle school. Guy M. Cooper, Inc., a mechanical contractor (Mechanical Contractor), performed significant heating, ventilation and air conditioning work on the project. Unfortunately, the school was completed after the date specified in the contract, and Mechanical Contractor did not receive all the money to which it believed it was entitled. Accordingly, Mechanical Contractor sued the owner, the East Penn School District (School District).

In turn, the School District joined as additional defendants its general contractor, Bilt–Rite Contractors, Inc. (General Contractor), General Contractor's surety, United States Fidelity & Guaranty Company (Surety), and its architects, The Architectural Studio (Architects). Joinder was premised on fault for delay.

After exuberant discovery, all the parties except Mechanical Contractor filed motions seeking judgment, either on the pleadings or as summary judgment. On November 7, 2005, the Court of Common Pleas of Lehigh County (trial court) entered five orders. These orders granted all the motions for judgment and essentially put Mechanical Contractor out of court.

Mechanical Contractor filed a notice of appeal, which became 2448 C.D.2005 in this Court. The notice of appeal was time-

ly. In accordance with Pa. R.A.P. 904(a), the notice of appeal was in proper form, and it clearly identified the name of the appellant, the court to which appeal was taken, and the date of the order being appealed. Also in accordance with Pa. R.A.P. 904(a),(c), docket entries were attached to the notice. As required by Pa. R.A.P. 121(b), a copy of the notice of appeal was served on attorneys for all the parties. However, the notice of appeal also attached a copy of one of the five orders entered on November 7, the order granting judgment on the pleadings in favor of Surety against the School District on its joinder claim.

Thereafter, all the prevailing parties filed motions to quash Mechanical Contractor's appeal. The motions asserted an alleged want of jurisdiction to entertain issues identified by Mechanical Contractor because it failed to appeal from the proper November 7 order, the one that granted summary judgment in favor of the School District against Mechanical Contractor on the original claim.

Mechanical Contractor responded that it inadvertently attached the wrong November 7 order to its notice of appeal. Instead of the order in favor of Surety on the joinder claim, Mechanical Contractor intended to attach the order in favor of the School District on its original claim.

This Court ordered telephone argument on the motion to quash. The parties were directed to address the applicability of several cases which are discussed below.

Decisional law in Pennsylvania is divided on the issue of whether an incorrect date or incorrect docket number of the order being appealed is an amendable defect. Some cases allow an appellant to file an amended notice of appeal setting forth the correct date or the correct docket number of the order being appealed. Thus, in *Lowrey v. East Pikeland Twp.*, 128 Pa. Cmwlth. 120, 562 A.2d 1010 (1989) (*en banc*), a notice appeal which did not include the case number was nevertheless given effect. In *Lowrey*, the appellant mailed a notice of appeal which was received within the 30 day time limit of Pa. R.A.P 903. However, the notice of appeal did not include the case number, and the prothonotary did not stamp the notice. Instead, the prothonotary mailed the notice back to the appellant with a handwritten note requesting the case number. Although the trial court concluded that the lack of a file number precluded acceptance of the document, this Court reversed. This Court noted that except for the omission of the case number, the appellant complied with all other requirements of the appellate rules, including service of notice upon opposing counsel.

Similarly, in *Commonwealth v. Kornicki*, 357 Pa.Super. 182, 515 A.2d 925 (1986), a timely notice which "erroneously states what final order is being appealed from" was given effect. In *Kornicki*, a defendant was sentenced on a driving under the influence conviction. A dispute arose regarding prior convictions. The trial court vacated its original sentence, but it thereafter re-imposed the original sentence. Under these circumstances, the Superior Court tolerated some confusion over the date of the sentencing order from which appeal was taken where the appeal was otherwise proper.

However, several cases reach a different result. For example, in *McKeeta v. Duquesne Dist.*, 708 A.2d 1311 (Pa.Cmwlth. 1998), an appellant was not permitted to file two "clarified" notices of appeal which referred to other parties. In this unusual case, the trial court issued two separate orders regarding McKeeta's complaint. Both orders were dated the same date, June 30, 1997. The first order sustained preliminary objections of two school dis-

tricts, and the second order sustained preliminary objections of three other school districts. McKeeta filed a timely appeal as to the first June 30 order as it involved one of the school districts. After the 30 day period for taking an appeal, however, McKeeta filed two "clarified" notices of appeal referring to all of the other school districts. This Court granted a motion to quash the appeals as to all other school districts. The Court reasoned that the "clarified" notices were filed beyond the 30 day period for bringing an appeal, and it was only these untimely notices that referred to the other school districts. *Id.* at 1313.

A comparable decision was entered in *Commonwealth v. Hottinger,* 370 Pa.Super. 527, 537 A.2d 1 (1987). There, after a criminal trial resulting in guilty verdicts and extended post-trial practice, the defendant was sentenced. There were subsequent motions for reconsideration of sentence and for a new trial based on after discovered evidence. Ultimately, the motion for new trial based on after discovered evidence was denied, and appeal was taken from that order. The Superior Court determined that none of the issues related to trial or sentencing were preserved and that only the issues decided in the motion for new trial based on after discovered evidence were before the Court. *See also Commonwealth v. Ragoli* 362 Pa.Super. 390, 524 A.2d 933, 934 n. 1 (1987) (appellate review limited to case at the specific docket number referred in the notice of appeal).

Commentators are aware of the split of authority. They conclude that the more enlightened view is to address the merits of an appeal despite the inadequacy of the notice of appeal, particularly if the appellant's brief refers to the correct date or correct docket number. Darlington et al, Pennsylvania Appellate Practice § 904.2 (2006 ed.). In particular, commentators observe as follows:

> To a considerable extent, this division in decisional law depends upon the extent to which the appellate courts are willing to utilize Pa. R.A.P. 105(a) to disregard defects in a notice of appeal. In light of Pa. R.A.P. 105(a), the better result would be to permit a party to file an amended notice of appeal setting forth the correct date or the correct docket number of the order being appealed.

*Id.* at 774, 524 A.2d 933 (footnotes omitted).

In this case all appellate rules were followed. The only mistake was that the wrong November 7 order was attached. Attaching the order from which appeal is taken is not required in the appellate rules; rather, the notice of appeal shall specify the date of the order. Pa. R.A.P. 904(a). That was correctly done here. Also, the parties seeking to quash the appeal were properly named in the caption and docket, and they were served with the timely notice of appeal. Under these circumstances, we agree that Pa. R.A.P. 105(a)[1] controls and permits a liberal construction of the rules so that the correct November 7 order may be attached to the notice of appeal.

---

1. Pa. R.A.P. 105(a), titled **Liberal construction and modification of rules,** provides:

    These rules shall be liberally construed to secure the just, speedy and inexpensive determination of every matter to which they are applicable. In the interest of expediting decision, or for other good cause shown, an appellate court may, except as otherwise provided in Subdivision (b) of this rule [enlargement of time], disregard the requirements or provisions of any of these rules in a particular case on application of a party or own its own motion and may order proceedings in accordance with its direction.

The foregoing MEMORANDUM OPINION sets forth the reasons supporting our order of February 16, 2006.

PER CURIAM.

### *ORDER*

AND NOW, this 8th day of March, 2006, it is ordered that the above-captioned single judge opinion filed on February 23, 2006, shall be designated OPINION, rather than MEMORANDUM OPINION, and it shall be reported.