**Alton D. BROWN, Appellant**

v.

**Mark LEVY, Prothonotary of
Montgomery County.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 26, 2010.
Decided April 21, 2010.

Alton D. Brown, appellant, pro se.

Philip W. Newcomer, R. Touhey Myer, Norristown, for appellee.

BEFORE: PELLEGRINI, Judge, BUTLER, Judge, and KELLEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

Alton D. Brown (Petitioner), a prisoner, appeals *pro se* from the order of the Court of Common Pleas of Montgomery County (trial court) denying him leave to appeal *nunc pro tunc* from a prior order of the trial court denying him *in forma pauperis* status for violating the "three strikes" rule of the Pennsylvania Prison Litigation Reform Act, 42 Pa.C.S. § 6602(f).

In 2002, Petitioner attempted to file a complaint three times with the Montgomery County Prothonotary (Prothonotary) alleging civil rights violations against numerous courthouse officials, whom he claimed beat him, prevented him from using the restroom, and used racial epithets towards him while he was at the courthouse seeking a new trial on his previous conviction because they were angry he was seeking a new trial. According to Petitioner, the Prothonotary rejected the complaint because it did not have proper names and addresses of the defendants, many of whom were listed as "unknown." Petitioner then filed a petition for writ of mandamus seeking to compel the Prothonotary to accept his complaint. He also petitioned to proceed *in forma pauperis,* and this petition was granted.

The Prothonotary filed a motion to dismiss the action under the "three strikes" rule because this Court had previously determined in *Brown v. James,* 822 A.2d 128 (Pa.Cmwlth.2003), that Petitioner had already accumulated at least eight strikes at the time of that litigation, which preceded the current case. The trial court granted the motion to dismiss following a hearing in an order dated May 5, 2006.

■ Petitioner attempted to appeal the dismissal within the 30–day appeal period, but the Prothonotary returned the notice of appeal to Petitioner for corrections because he failed to attach the case's docket entries, provide the requisite number of copies, and provide a certificate of service indicating service upon the trial judge. He then filed the notice of appeal again, without making the corrections, and the Prothonotary again returned it to him for corrections. Then, 99 days after the 30–day appeal period had expired, Petitioner

filed a petition for leave to appeal *nunc pro tunc.* The trial court denied the petition in an order dated January 23, 2009, and this appeal followed.[1]

On appeal, Petitioner argues that the trial court erred in revoking his *in forma pauperis* status because he did not have three strikes and the dismissal was based on ill-will and bias and used as a pretext to deny a ruling on his attempted civil rights action on the merits. He also argues that the trial court erred in denying him leave to appeal *nunc pro tunc* because his appeal was timely filed but sabotaged by the Prothonotary because of a conspiracy among various courthouse officials to prevent his civil rights claim from being filed because the defendants were fellow courthouse officials whom they were trying to protect.

While we decline to endorse Petitioner's theory that the Prothonotary's refusal to accept his timely filed but defective notice of appeal was an attempt to sabotage his case, we agree with Petitioner that the Prothonotary erred by not accepting his notice of appeal the first time he attempted to file it. Pennsylvania Rule of Appellate Procedure 902 provides:

> An appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903 (time for appeal). *Failure of an appellant to take any step other than the timely filing of a notice of an appeal does not affect the validity of the appeal,* but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to

1. The standard of review in a case challenging a dismissal of a petition for leave to appeal *nunc pro tunc* is whether the trial court committed an error of law. Our scope of review is plenary. *Commonwealth v. Hall,* 565 Pa. 92, 771 A.2d 1232 (2001).

the lower court so that the omitted procedural step may be taken.

(Emphasis added.) In *Lowrey v. East Pikeland Township,* 128 Pa.Cmwlth. 120, 562 A.2d 1010 (1989), we held that a prothonotary who refused to time-stamp a timely filed appeal that omitted the case number committed an abuse of discretion and violated Rule 902 because the failure to include the case number did not affect the validity of the appeal. Likewise, in *Department of Transportation v. Florek,* 71 Pa.Cmwlth. 615, 455 A.2d 1263 (1983), we held that a notice of appeal with various unnamed defects that was timely filed did not affect the validity of the appeal.

■ Here, it is undisputed that Petitioner timely filed a notice of appeal. As timeliness is the only requirement to make a notice of appeal valid, Petitioner's first attempt to file a notice of appeal was indeed a valid notice of appeal, and the Prothonotary committed an abuse of discretion by sending the notice of appeal back to Petitioner rather than accepting it. It was, therefore, unnecessary for Petitioner to file a petition for leave to appeal *nunc pro tunc* because his appeal was indeed timely.

■ As to the underlying issue, which both parties have fully briefed, of whether Petitioner's mandamus action was properly dismissed under the "three strikes" rule, 42 Pa.C.S. § 6602(f) provides, in relevant part:

> If the prisoner has previously filed prison conditions litigation and: (1) three or more of these prior civil actions have been dismissed pursuant to subsection

(e)(2) [2] . . . the court may dismiss the action. The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

In *Brown v. James, supra,* we held that Petitioner had accumulated many more than three strikes before commencement of this litigation and affirmed the Court of Common Pleas of Allegheny County's order in that action dismissing that case for the same reason as the trial court dismissed the mandamus action here. Furthermore, in *Brown v. Department of Corrections,* 913 A.2d 301, 306 (Pa.Cmwlth. 2006), we stated that Petitioner "is a well-qualified abusive litigator within the meaning of the PLRA." Because Petitioner's action does not fall within the exception to 42 Pa.C.S. § 6602(f), the trial court properly dismissed Petitioner's mandamus action because Petitioner has already exhausted his "three strikes."

Accordingly, the trial court's order of January 23, 2009 is vacated, and the trial court's order of May 5, 2006 is affirmed.

### ORDER

AND NOW, this *21st* day of *April,* 2010, the order of the Court of Common Pleas of Montgomery County, dated January 23, 2009, is vacated, and the order of the Court of Common Pleas of Montgomery County, dated May 5, 2006, is affirmed.

---

**2.** 42 Pa.C.S. § 6602(e)(2) provides:

> Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:

> (2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.