**Carol Ann ALMA and 157 Additional Property Owners**

v.

**MONROE COUNTY BOARD OF ASSESSMENT APPEALS and Pocono Mountain School District.**

**Appeal of: Monroe County Board of Assessment Appeals.**

Commonwealth Court of Pennsylvania.

Argued Dec. 11, 2013.

Decided Jan. 8, 2014.

---

Jeffrey A. Durney, Tannersville, for appellant.

Lucas J. Repka, Bethlehem, for appellee Pocono Mountain School District.

Ira E. Weiner, Tobyhanna, for appellees Carol Ann Alma and 157 Additional Property Owners.

BEFORE: SIMPSON, Judge, and COVEY, Judge, and JAMES GARDNER COLINS, Senior Judge.

OPINION BY Judge COVEY.

Monroe County Board of Assessment Appeals (Board) appeals from the Monroe County Common Pleas Court's (trial court) May 23, 2013 order granting the Board's Motion to Quash 157 of the 158 assessment appeals filed by Carol Ann Alma and 157 additional property owners (collectively Property Owners), and permitting the Property Owners to file amended appeals beyond the statutory appeal period provided they pay the necessary filing fees and file the amended appeal within 60 days of the date of the order.[1] The sole issue before this Court is whether the Property Owners who jointly filed a single Notice of Appeal from the Board's 157 separate decisions, and whose appeal to the trial court was quashed, can cure the defect by filing individual amended appeals beyond the mandated statutory period for filing such appeals. The Property Owners challenged their respective property tax assessments for the 2012 tax year by filing individual appeals with the Board.[2] The issues

---

[1] By June 11, 2013 order, the trial court certified the instant action as containing a controlling question of law as to which there is substantial ground for difference of opinion, such that an immediate appeal from its order may materially advance the ultimate termination of the matter. The issue of whether the Motion to Quash should have been granted was not appealed.

[2] Alma and Property Owners all own property in A Pocono Country Place residential development.

raised and the facts involved in the 158 appeals were alleged to be similar, and the Board allowed the appeals to be consolidated for hearing purposes only. The Board ultimately denied the assessment appeals, and sent individual notices of denial, along with individual notices of the right to appeal to each of the Property Owners.

■ The Property Owners collectively filed an appeal from the Board's denials, naming all 158 individuals in the caption. The Board filed a Motion to Quash the appeal on the grounds that the appeals should have been filed individually. The trial court granted the Motion to Quash the Property Owners' appeals, leaving only one Property Owner (to be determined by Property Owners' counsel). The trial court also permitted the Property Owners to amend their assessment appeals by filing individually and paying the required filing fee within 60 days of its order. The Board appealed from that order to this Court.[3]

■ The Board argues that once the trial court quashed the Property Owners' appeals as improperly filed, it was not permitted to grant them the right to file nunc pro tunc appeals unless the Property Owners proved that there was fraud or its equivalent, or some other extraordinary circumstances that justified the failure to timely file. The Board maintains that there was no evidence presented or cited by the trial court that suggested any fraud or breakdown in the process. The Board relies on the separate notices sent to each individual Property Owner advising of his/her right to appeal and the fact that they did not follow the proper procedure to timely perfect their appeals as the basis for not judicially extending the statutory appeal period. Thus, the Board asserts that, as noted by our Supreme Court, failure to perfect an appeal within the time allowed by statute is a defect in the proceeding for which the appellate court must take notice and absent extraordinary circumstances involving fraud or its equivalent, the court is without power to extend the time limit for filing an appeal. *Hanoverian, Inc. v. Lehigh Cnty. Bd. of Assessment*, 701 A.2d 288 (Pa.Cmwlth.1997); *Rostosky v. Dep't of Envtl. Res.*, 26 Pa. Cmwlth. 478, 364 A.2d 761 (1976).

■ The Property Owners rejoin that they filed their joint appeal within the statutorily mandated time frame of 30 days. They further contend that they did not fail to meet the deadline or ask for an extension of the deadline. Thus, the defect is procedural, and therefore curable, not jurisdictional. We agree.

As a general rule, '[t]aking one appeal from separate judgments is not acceptable practice and is discouraged.' In *TCPF, L.P. v. Skatell*, 976 A.2d 571 (Pa.Super.2009), [our Superior] Court was presented with the same procedural defect involved in the instant appeal, *i.e.*, the appellant's filing of a single notice of appeal from two separate trial court orders and the subsequent filing of an untimely amended notice of appeal. The

---

**3.** "This Court's standard of review of the trial court's order granting a motion to quash plaintiff's appeal is limited to whether the trial court committed an error of law, an abuse of discretion, or a violation of constitutional rights." *Ray v. Brookville Area Sch. Dist.*, 19 A.3d 29, 31 n. 3 (Pa.Cmwlth.2011). Whether a filing defect can be cured by filing amended individual appeals beyond the mandated statutory period for filing such appeals is a "pure question[ ] of law, and an appellate court's scope of review is plenary. Questions of law are subject to a de novo standard of review." *Mastrocola v. Se. Pa. Transp. Auth.*, 941 A.2d 81, 86 n. 9 (Pa.Cmwlth.2008) (citation omitted), *appeal granted*, 601 Pa. 383, 973 A.2d 412 (2009).

*Skatell* Court denied the appellee's motion to quash the appeal, holding that 'where … **Appellant filed a timely, albeit discouraged, appeal of multiple orders and filed a subsequent amended appeal, no fatal defect exists and the mandates of judicial economy require that the appeal be heard.'**

*Sulkava v. Glaston Finland Oy,* 54 A.3d 884, 888 (Pa.Super.2012) (citations omitted and emphasis added). Similarly, this Court has explained:

The taking of one appeal from several judgments is not acceptable practice and is discouraged. While Pennsylvania courts have disapproved of the taking of one appeal from multiple orders, the courts have nevertheless been reluctant to quash such appeals. **Courts have allowed one appeal from multiple orders to be considered on the merits where the circumstances lead the reviewing court to the conclusion that the merits should be reached.** An appellate court maintains the discretion to refrain from quashing a single appeal from several final orders.

*Croft v. Unemployment Comp. Bd. of Review,* 662 A.2d 24, 27 (Pa.Cmwlth.1995) (citations omitted and emphasis added). Moreover, our Supreme Court has opined:

Taking one appeal from several judgments is not acceptable practice and is discouraged: It has been held that a single appeal is incapable of bringing on for review more than one final order, judgment or decree: **When circumstances have permitted, however, we have refrained from quashing the whole appeal,** but this Court has quashed such appeals where no meaningful choice could be made.

*Gen. Elec. Credit Corp. v. Aetna Cas. & Sur. Co.,* 437 Pa. 463, 469–70, 263 A.2d 448, 452–53 (1970) (citations and footnotes omitted, emphasis added).

This Court has acknowledged that decisional law in Pennsylvania is divided on the issue of whether defects in a notice of appeal are amendable. *Guy M. Cooper, Inc. v. E. Penn Sch. Dist.,* 894 A.2d 179, 181 (Pa.Cmwlth.2006). The *Cooper* Court expounded:

To a considerable extent, this division in decisional law depends upon the extent to which the appellate courts are willing to utilize Pa. R.A.P. 105(a) to disregard defects in a notice of appeal. In light of Pa. R.A.P. 105(a), the better result would be to permit a party to file an amended notice of appeal setting forth the correct date or the correct docket number of the order being appealed.

*Id.* at 182. In this case, **all 158 Property Owners were in the courthouse on time.** Thus, this is not a case, wherein, the statutory appeal period is being judicially extended. While case law discourages single appeals from multiple orders, the rules themselves do not prohibit it. Under these circumstances, we hold that the Property Owners are permitted to individually file amended Notices of Appeal.

Pursuant to Section 706 of the Judicial Code: "An appellate court may affirm, **modify,** vacate, set aside or reverse any order brought before it for review…." 42 Pa.C.S. § 706 (emphasis added). In accordance with our holding and **effective on the date of this Court's order, the trial court's order is modified** to direct as follows: Property Owners are granted leave to amend their assessment appeals within 60 days of the date of this order by filing individual Notices of Appeal and paying the required filing fee. Any Property Owner's amended assessment appeal which is not filed and the required filing fee not paid within 60 days of this order shall be quashed.

For all of the above reasons, the trial court's order is modified in accordance with this opinion.

### ORDER

AND NOW, this 8th day of January, 2014, the Monroe County Common Pleas Court's May 23, 2013 **order is modified effective on the date of this Court's order** and is as follows:

Carol Ann Alma and 157 additional property owners are granted leave to amend their assessment appeals within 60 days of the date of this order by filing individual Notices of Appeal and paying the required filing fee. Any of the property owner's amended assessment appeals which are not filed and the required filing fee not paid within 60 days of this order shall be quashed.