# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                              :
          Petitioner                  :
                                      :
       v.                             :    No. 1155 C.D. 2016
                                      :    SUBMITTED:  April 7, 2017
Department of Corrections,                   :
          Respondent                  :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE JULIA K. HEARTHWAY, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE HEARTHWAY            FILED:  August 8, 2017


Petitioner Alton Brown (Petitioner) petitions for review, *pro se*, from the final determination of the Commonwealth of Pennsylvania Board of Claims (Board).  The Board denied Petitioner's application for leave to proceed *in forma pauperis* under Rule 240(j)(1) of the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. No. 240(j)(1), and dismissed his complaint against the Respondent, Pennsylvania Department of Corrections (Department).  We affirm.

Petitioner is currently incarcerated as an inmate at the State Correctional Institution at Greene (SCI-Greene).  On May 18, 2016, Petitioner filed a petition to proceed *in forma pauperis* and a complaint with the Board, alleging that the Department had breached a series of oral contracts and seeking

damages in the amount of $28,390,000. (C.R. at Item No. 2.) Specifically, Petitioner alleges that: (1) the Department violated its rules and regulations governing the personal property of inmates; (2) the Department breached an agreement to secure his personal property when he was transferred to SCI-Greene; (3) the Department breached an agreement to permit Petitioner to keep personal property in his cell; (4) the Department breached an agreement to return his personal property in exchange for Petitioner's assurance that he would cease filing further grievances or appeals; (5) the Department breached an agreement to follow its regulations and procedures in exchange for Petitioner's participation in prison misconduct hearings; and (6) the Department breached its agreement to provide him with a high-calorie, high-protein diet in exchange for his agreement to visit a local hospital for treatment. (*Id.*) On June 3, 2016, the Board issued its opinion and order dismissing Petitioner's complaint as frivolous and denying his application for *in forma pauperis* status under Pa.R.C.P. No. 240(j)(1).[1] (*Id.*) This petition for review followed.[2]

Petitioner argues that the Board erred in its determination that his appeal was frivolous because he presented valid claims that the Department breached a series of oral contracts with him. The Department argues that

---

[1] Under Rule 240(j)(1), a court may dismiss an application to proceed *in forma pauperis* "if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous." Pa.R.C.P. No. 240(j)(1). *See also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (defining a frivolous action as one that "lacks an arguable basis either in law or in fact"). An action must be reviewed to determine frivolity before addressing the merits of the claim. *Id.*

[2] We review Board of Claims' decisions to determine whether constitutional rights were violated, whether errors of law were committed, and whether the Board's findings are supported by substantial evidence. *Department of Health v. Data-Quest, Inc.*, 972 A.2d 74 (Pa. Cmwlth. 2009).

2

Petitioner's appeal is frivolous because there is no basis in law or fact for his claims. The Department also contends that Petitioner's appeal should be dismissed under Section 6602(f) of the Prison Litigation Reform Act, 42 Pa.C.S. § 6602(f), because Petitioner is an abusive litigator and there is no indication that he is in imminent danger.

The Board determined that Petitioner's claims were frivolous for two reasons: (1) Petitioner failed to allege facts that would establish the existence of any valid contract with the Department; and (2) even if Petitioner's allegations were sufficient to give rise to contract claims, he failed to allege a contract over which the Board would have jurisdiction under the Commonwealth Procurement Code (Code), 62 Pa.C.S. §§ 101-2311. (C.R. at Item No. 2.)

We agree with the Board's determination that Petitioner's claims are frivolous. The subject matter for each of Petitioner's claims--storage of personal property, prison grievance proceedings, prison misconduct hearings, and food service--is controlled by Department policies and procedures.[3] Such policies and procedures do not create a contractual relationship between the Department and an inmate. *Oatess v. Beard*, 576 A.2d 398, 400 (Pa. Super. 1990). Additionally, because all of Petitioner's claims are based on his "agreement" to act as he is legally obligated to act under the terms of his incarceration, all of his purported contracts lack consideration. *See Cohen v. Sabin*, 307 A.2d 845, 849 (Pa. 1973)

---

[3] *See* Pennsylvania Department of Corrections, Policies, http://www.cor.pa.gov/About%20Us/Pages/DOC-Policies.aspx#.WU1bibHD9aQ (last accessed on June 23, 2017, 3:10 PM).

(holding that performance of that which one is already obligated to do is not consideration sufficient to support a valid agreement).

The Board is an independent administrative board governed by the provisions of the Code. 62 Pa.C.S. § 1721. It has exclusive jurisdiction, in part, over claims arising from certain contracts with Commonwealth agencies. 62 Pa.C.S. § 1724. A "contract" under the Code is defined as "[a] type of written agreement, regardless of what it may be called, *for the procurement or disposal of supplies, services or construction. . .*" and properly executed by the parties. 62 Pa.C.S. § 103 (emphasis added). Here, none of the contracts alleged by Petitioner could be reasonably interpreted to involve the procurement or disposal of supplies, services, or construction. As a result, the Board properly determined that none of the contracts alleged by Petitioner fell within its statutory jurisdiction.

The Department also argues that Petitioner's complaint should be dismissed because we have previously determined that Petitioner is an abusive litigator under Section 6602(f) of the Prison Litigation Reform Act, 42 Pa.C.S. § 6602(f). While we recognize Petitioner's lengthy history of prison conditions litigation and his status as an abusive litigator,[4] the Board did not address this issue, and it is unnecessary for this Court to consider this question in light of our disposition in this case.

---

[4] *See Brown v. Beard*, 11 A.3d 578 (Pa. Cmwlth. 2010); *Brown v. Levy*, 993 A.2d 364 (Pa. Cmwlth. 2010); *Brown v. Pa. Dept. of Corrections*, 913 A.2d 301 (Pa. Cmwlth. 2006); *Brown v. James*, 822 A.2d 128 (Pa. Cmwlth. 2003) (referencing several additional dismissed cases in various Pennsylvania and federal courts filed by Petitioner); *Brown v. Blaine*, Slip. Op., Pa. Cmwlth., No. 832 C.D. 2012 (April 18, 2013).

For the above-stated reasons, we affirm the Board's dismissal of Petitioner's complaint and denial of his application for *in forma pauperis* status.

_____
JULIA K. HEARTHWAY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,            :
         Petitioner       :
                              :
          v.               : No. 1155 C.D. 2016
                              :
Department of Corrections,    :
         Respondent     :

## O R D E R

AND NOW, this 8th day of August, 2017, the order of the Pennsylvania Board of Claims in the above-captioned matter is affirmed.

_____
JULIA K. HEARTHWAY, Judge